No. 527

First Circuit

ROOT GLASS CO. v. GAGLIANO ET AL.

(December 3, 1929. Opinion and Decree.)

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellant.

John Fred Odom, of Baton Rouge, attorney for defendant, appellee.

MOUTON, J. In June, 1926, plaintiff company sold a lot of pop or soft drink bottles to defendants, designated as 9-ounce Ski-Hi crown bottles, and 8-ounce standard Orange Crush bottles, which carried a guarantee of 2 per cent against breakage on the first filling. The amount of the purchase was $1831.66 upon which a payment of $570.97 was made.

Three notes were executed representing the balance due thereon. Subsequently there were renewal notes executed. Finally, in February, 1928, a note of $871.91 was made by the Orange Crush Bottling Company, a partnership composed of respondents. This is the note sued upon.

In the defense there is no complaint as to the Standard Orange Crush Crown bottles, the contest being restricted to the Ski-Hi bottles which defendants aver were at least 75 gross defective and of no use to them. The record shows that the invoice price for these Ski-Hi bottles was $5.59 per gross, entitling respondents, according to their contention, to a credit on the note of $419.25 for the defective bottles.

The district judge found that there was a breakage of 45 per cent on these bottles, and recognized a credit in favor of defendants on that basis.

The sole question presented is as to whether there was a breakage of 45 per cent of these bottles, as was held by the district judge.

It is fully shown that a great number of these bottles broke at the bottom on the first filling. No doubt, they were defec-

tive when received. There is no contradictory testimony by defendants of that fact. The real defense being that plaintiff could not determine with any degree of certainty the exact breakage that had occurred.

Three witnesses for defendants testified that most of these bottles broke on the first filling, but they did not give the exact proportion or percentage. That a large number broke at that time there can be no question.

Peter Gagliano, a co-defendant, says on August 27, 1926, which the record shows was about two months after the purchase, that he wrote plaintiff that they had lost between 50 and 75 per cent of the bottles which had bursted at the bottom after the first filling. To this letter he says he received no answer. Plaintiff denies that it received such a letter.

Smith, salesman of the bottles for plaintiff company, says the first notice he had of the complaint of defendants was by letter of date September 13, 1926. It is shown that he came to Baton Rouge, October 16, 1926, and that defendants then claimed that the loss by breakage of these bottles, according to his testimony, was around fifty gross.

It is shown that the defendants, at the time of Smith's visit, had a pile of these broken bottles which they had dumped in their back yard. Defendants admit that they kept no actual record of the bottles that had broken, the remnants of which were in that pile. Two or three witnesses for defendants testify that this accumulation of bottles was shown to Smith and that defendants then claimed a loss on the bottles of 50 to 75 gross. They say, and are positive in their statement, that Smith then promised to give defendants credit on the debt from 50 to 75 per cent

gross. That Smith told defendants to haul these broken bottles away and that they followed his instructions, and for that reason, kept no record of the number broken. These statements are all denied by Smith who swears he entered into no such promise.

The evidence on this, the vital issue in the case, is clearly against plaintiff. The lower court, no doubt, believed defendants, and we find no evidence in the record that could lead us to a different conclusion.

We feel certain from the evidence adduced that plaintiff, through its agent or agents, promised that the amount claimed would be credited for these defective bottles, which justifies the judgment below for the credit allowed which was fair and conservative.