J^FITZSIMMONS, J.
In this consolidated case, lessor, Soulant Brothers, L.L.C., d/b/a Jefferson Storage, a/k/a Jefferson Storage Center (“Jefferson Storage”), and its insurer, Safeco Insurance Company of America, appeal the grant by the trial court of a partial summary judgment on the issue of liability in favor of plaintiffs, Kenneth Engel and Barbara Engel.[1] We affirm for the following reasons.
The Engels leased storage space from Jefferson Storage. Mr. Engel stated in a deposition that after learning from an agent of Jefferson Storage that space was available, he traveled to the Jefferson Storage facility. Mr. Engel recounted seeing two signs on the Jefferson Storage building that stated: “SMILE YOU ARE BEING VIDEO TAPED.” Out of several storage facilities, he said he selected Jefferson Storage because of the price and availability of the size of the space, as well as the fact that he was “looking for security.”
Approximately one month after the Engels had rented the storage space at Jefferson Storage, they discovered that it had been burglarized. When they requested a copy of a videotape to aid in the police investigation, they were informed that notwithstanding the signs prominently affixed to the building, no surveillance system was actually in place. In response to interrogatories, Jefferson Storage stated that video cameras had been ordered prior to the burglary; however, the cameras were not delivered or installed until after the theft had occurred.
The trial court construed the Jefferson Storage lease as null and void. It held that Jefferson Storage breached its duty to provide security to the Engels after advertising that it did.

J¿DISCUSSION

Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The facts are not in dispute in this instance; therefore, we are presented with the legal issue of whether the misrepresentations by Jefferson Storage relative to the existence of surveillance cameras constituted a breach of its duty for which it would be liable.
We initially address the status of the lease agreement between Jefferson Storage and the Engels. Mr. Engel said that he signed and returned a lease agreement form mailed to him by a representative of Jefferson Storage. Where a lessor drafts a lease and presents it to the lessee for signing, the lease is valid and binding upon the lessee’s acceptance, even if the lessor subsequently fails or refuses to sign the lease. City of New Orleans v. Chera *696 mie, 509 So.2d 58, 61 (La.App. 1st Cir.), writ denied, 512 So.2d 463 (La.1987). However, the lease agreement purportedly signed by the Engels was not submitted into evidence by either party; therefore, it cannot be legally recognized.[2]
It is axiomatic that there is no requirement that a lease be in writing. La. C.C. 2683. Louisiana Civil Code article 2669 defines a lease as “a synallagmatic contract, to which consent alone is sufficient, and by which one party gives to the other the enjoyment of a thing, or his labor, at a fixed price.” In this case, it was factually accepted by all parties that the Engels entered into a month-to-month lease agreement for storage space at Jefferson Storage at a specified price. La. C.C. art. 2670. Thus, we do not agree with the trial court’s |5oral reasons that the lease was null and void because the lease form was not signed; the parties entered into a valid oral lease agreement.
In a lease of self-storage space, the lessor merely leases the space to the lessee and is absolved of any interest in the personal property stored at the facility. See Reynolds v. Select Properties, Ltd. v. Transcontinental Insurance Company, 93-1480 (La.4/11/94), 634 So.2d 1180, 1185. Although Jefferson Storage would not generally be responsible for a theft of goods contained within a self-service storage facility absent gross negligence, the circumstances of this case are distinguishable. Jefferson Storage falsely and publicly claimed, not only to passersby but also to potential lessees of storage spaces, that surveillance videotapes were installed and active. Mr. Engel itemized security as a primary consideration in his choice of a facility, along with the location and size of storage space.
Whether a duty is owed is a question of law. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1371 (La.1984). A duty can be assumed that does not otherwise exist, which renders the obli-gor liable for any breach of that duty. Ratliff v. State, Department of Transportation and Development, 2002-0733, pp. 12-13 (La.App. 1 Cir. 3/28/03), 844 So.2d 926, 936, writ denied, 2003-1739 (La.10/10/03), 855 So.2d 350. In instances involving privity of contract, a duty owed to the tort victim under factual scenarios of both non-disclosure and misinformation has been jurisprudentially established. Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007, 1015 (La.1993). Jefferson Storage assumed an additional duty to the lessee when it publicly represented that video cameras were in place.
Whether a defendant has breached an established duty is a question of fact. Pinsonneault v. Merchants & Farmers Bank & Trust Company, 2001-2217, p. 11 (La.4/3/02), 816 So.2d 270, 278. In the matter at .hand, it is not disputed that | fiJefferson Storage publicly displayed that it was providing surveillance when it did not provide it; nor is it disputed that Jefferson Storage failed to apprise the Engels of the lack of cameras. Its failure to provide the advertised security cameras or to notify the Engels, either verbally or in writing, of the lack of existence of surveillance cameras at the time of the lease agreement constitutes a misrepresentation *697 of the leased area that substantially influenced the Engels’ decision to lease the storage space.
Thus, Jefferson Storage breached its voluntarily-assumed duty to provide surveillance cameras to protect against the damages of theft and vandalism. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d at 1371-1372. The assumed duty owed by Jefferson Storage to the Engels concomitantly extended beyond the protective cloak of the Self-Service Storage Facility Act. Although the lease is not null ab initio, Jefferson Storage is, nevertheless, liable to the Engels for damages incurred as a result of its breach of agreement with Mr. and Mrs. Engel.[3]
The partial summary judgment in favor of Kenneth Engel and Barbara Engel, and against Soulant Brothers, L.L.C., d/b/a Jefferson Storage a/k/a Jefferson Storage Center, and Safeco Insurance Company of America, for the breach of an assumed duty by Jefferson Storage, is affirmed. All costs associated with this appeal are assessed against Soulant Brothers, L.L.C., d/b/a Jefferson Storage a/k/a Jefferson Storage Center, and Safeco Insurance Company of America.
AFFIRMED.
WHIPPLE, J., concurs in the result.
DOWNING, J., dissents and assigns reasons.

. An amended judgment by the trial court was properly certified for immediate appeal.

. In any event, the standard Jefferson Storage lease form that was submitted as supporting documentation essentially paraphrases the provisions and interpretation of the “Self-Service Storage Facility” Act, which is encompassed in La. R.S. 9:4756-9:4760. Specifically, the lease agreement states in the following pertinent part: "Lessor is not a warehouseman but is merely leasing space to Lessee. Lessor shall not be liable for ... property damage or loss from theft ... except for losses occasioned by the willful acts or gross negligence of Lessor.” The lease form contained no reference to surveillance cameras.

. It is noted that subsequent to the burglaiy, the Engels continued to store their belongings in the rented space for another six to seven weeks, after which they moved to a newly purchased home. The Engels’ continued rental on a month-to-month basis of the leased self-service storage facility, following their awareness that no video cameras existed, presents a distinguishable factual and legal scenario because there was no longer a misrepresentation of a material condition of the rental agreement.