STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1357

STATE OF LOUISIANA

VERSUS

ULISES GOMEZ

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 137,796
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

REVERSED AND REMANDED WITH INSTRUCTIONS.

**Colin Clark**
**Assistant Attorney General**
**Louisiana Attorney General's Office**
**Post Office Box 94005**
**Baton Rouge, Louisiana  70804-9095**
**(225) 326-6200**
**Counsel for Appellee:**
        **State of Louisiana**

**Jay N. Prather, Jr.**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, Louisiana  70502**
**(337) 262-8648**
**Counsel for Appellee:**
**State of Louisiana**

**Chad Ikerd**
**Attorney at Law**
**Post Office Box 3622**
**Lafayette, Louisiana  70502**
**(337) 232-9345**
**Counsel for Defendant/Appellant:**
**Ulises Gomez**

**KEATY, Judge.**

Defendant, Ulises Gomez, appeals the trial court's judgment denying his Writ of Habeas Corpus Ad Subjiciendum. For the following reasons, we reverse and remand with instructions.

## PROCEDURAL BACKGROUND

On May 12, 2012, Defendant, admittedly an alien student and/or a nonresident alien, operated a vehicle in Lafayette Parish without documentation showing he was lawfully present in the United States. Defendant was subsequently charged by bill of information with operation of a vehicle without documentation demonstrating a lawful presence in the United States, a violation of La.R.S. 14:100.13. He filed a writ of habeas corpus alleging his detention was illegal and based on an unconstitutional statute pursuant to *Arizona v. United States*, __ U.S. __, 132 S.Ct. 2492 (2012). The trial court denied the writ "on the basis that charges were previously filed in this matter."

Minutes of the trial court indicate Defendant next filed a motion to recognize his writ of habeas corpus as a motion to quash. That motion, however, is not contained in the record on appeal. The trial court denied the motion on September 4, 2012, finding "the State does have power to regulate the driving in the State."

On September 6, 2012, the trial court accepted Defendant's plea of no contest to the charge but preserved his right to appeal the constitutionality of the statute. The trial court sentenced Defendant to three months in the parish jail with credit for time served.

Defendant now appeals the denial of his writ of habeas corpus, claiming that La.R.S. 14:100.13 is unconstitutional.

DISCUSSION

On appeal, Defendant alleges that the trial court erred in denying his writ of habeas corpus when it held that La.R.S. 14:100.13 is a proper exercise of state police powers and not preempted by federal immigration laws.

## ASSIGNMENT OF ERROR

Defendant argues the trial court erred in denying his writ of habeas corpus when it held La.R.S. 14:100.13 is a proper exercise of state police powers and not preempted by federal immigration laws. Subparagraph (A) of the statute provides: "No alien student or nonresident alien shall operate a motor vehicle in the state without documentation demonstrating that the person is lawfully present in the United States." The penalty for violation is a fine of up to $1,000.00 and/or imprisonment for up to one year, with or without hard labor, making the offense a felony. La.R.S. 14:100.13(C); La.R.S. 14:2(A)(4).

In *Arizona*, 132 S.Ct. 2492, the United States Supreme Court reviewed the validity of four provisions of Arizona statute S.B. 1070, a statute enacted to address the issues relating to the large number of unlawful aliens in that state. One provision, Section 3, "forbids the 'willful failure to complete or carry an alien registration document . . . in violation of 8 United States Code section 1304(e) or 1306(a)'" and effectively "adds a state-law penalty for conduct proscribed by federal law." *Id*. at 2501.

"Congress has the" constitutional "power to preempt state law." *Id.* at 2500. Where Congress has determined certain conduct must be regulated exclusively by federal law, state statutes attempting to regulate that conduct are field preempted. State statutes that conflict with federal law are conflict preempted. In *Arizona*, the United States contended Section 3 intruded on the field of alien registration and,

2

thus, was preempted.  The State of Arizona contended Section 3 "has the same aim as federal law and adopts its substantive standards."  *Id*. at 2502.  The Supreme Court held Section 3 was preempted by federal law.  *Arizona*, 132 S.Ct. 2492.

The Supreme Court noted federal law requires aliens to carry proof of registration and concluded "the Federal Government has occupied the field of alien registration."  *Id*.  Field preemption forecloses any state regulation, even when it parallels federal standards, so that "even complementary state regulation is impermissible."  *Id*.  The Supreme Court further noted that "[e]ven if a State may make violation of federal law a crime in some instances, it cannot do so in a field (like the field of alien registration) that has been occupied by federal law."  *Id*.

The Supreme Court held Arizona's argument "ignore[d] the basic premise of field preemption" and "conflict[ed] with the careful framework Congress adopted" by imposing its own penalties for federal offenses.  *Id*.  The Supreme Court also noted a problem with the inconsistency between federal law, where "failure to carry registration papers is a misdemeanor that may be punished by a fine, imprisonment, or a term of probation," and Arizona's law, which "rul[ed] out probation as a possible sentence (and also eliminate[d] the possibility of a pardon)."  *Id*. at 2503.  The Supreme Court found this inconsistency "creates a conflict with the plan Congress put in place[,]" and that such conflict, amongst others, "underscore[d] the reason for field preemption."  *Id*.

We find that Louisiana's statute, La.R.S. 14:100.13(A), is similar to Section 3 of Arizona's statute.  Both forbid the willful failure to carry documentation demonstrating a lawful presence in the United States.  Both provide a penalty in excess of the penalty provided by federal law.

3

The first circuit recently denied a defendant's writ application on the issue of the constitutionality of La.R.S. 14:100.13 in *State v. Lopez*, 12-2043 (La.App. 1 Cir. 3/21/13), __ So.3d __. The defendant sought to quash his bill of information because La.R.S. 14:100.13 is unconstitutional and is preempted by federal law because it attempts to regulate immigration. The first circuit held that the statute withstands constitutional, conflict, and field preemption and, thus, "is not a constitutionally impermissible regulation of immigration." *Id*. at ___. Particularly discussing field preemption, the first circuit stated that "La.R.S. 14:100.13 is not a regulation of immigration, a field that Congress, acting within its proper authority, has determined must be regulated by its exclusive governance." *Id*.

In its discussion of *Arizona*, the *Lopez* court did not consider Section 3 of the Arizona statute. Rather, it reviewed Section 2(B), which required state officers "to make a 'reasonable attempt . . . to determine the immigration status' of any person they stop, detain, or arrest on some other legitimate basis if 'reasonable suspicion exists that the person is an alien and is unlawfully present in the United States.'" *Lopez*, ___ So.3d at ___. The Supreme Court refused to enjoin Section 2(B) because suit was filed before the law went into effect. The Supreme Court commented, "without the benefit of a definitive interpretation from the state courts, it would be inappropriate to assume § 2(B) will be construed in a way that creates a conflict with federal law." *Arizona*, 132 S.Ct. at 2510. We believe, however, that the first circuit's failure to consider Section 3 in *Lopez* led to an improper result.

4

Prior to *Arizona*, this court considered the issue in two writ applications.[1] See *State v. Marquez*, an unpublished writ decision bearing docket number 12-1316 (La.App. 3 Cir. 1/7/13) and *State v. Ramirez*, an unpublished writ decision bearing docket number 12-1245 (La.App. 3 Cir. 1/7/13). In both instances, this court found no error in the trial court's ruling that La.R.S. 14:100.13 is constitutional.

Despite the first circuit's recent opinion in *Lopez*, ___ So.3d ___, and the previous writ rulings of this court, we find that La.R.S. 14:100.13 is unconstitutional because it is field preempted. Like Arizona's statute, Louisiana requires aliens to carry registration documents. The Supreme Court has held in *Arizona*, 132 S.Ct. 2492, that such a requirement intrudes on the field of alien registration that federal law has already occupied. Accordingly, we hold that Louisiana's statute is field preempted.

Further, we find that La.R.S. 14:100.13 is also conflict preempted. Louisiana's statute makes a felony of an offense federal law considers a misdemeanor. 8 USC 1304(e); 8 USC 1306(a). The Supreme Court found fault with a similar provision in Arizona's statute. Accordingly, we hold that La.R.S. 14:100.13 is unconstitutional, and the trial court erred by denying Defendant's writ of habeas corpus.

---

[1] The issue was also raised in *State v. Balico-Calderon*, an unpublished writ decision bearing docket number 12-1078 (La.App. 3 Cir. 10/23/12). However, the writ application was dismissed as moot after the defendant pled guilty.

**DECREE**

The trial court's ruling denying Defendant's writ of habeas corpus is reversed. This matter is remanded, and the trial court is directed to enter a judgment consistent with this ruling.

**REVERSED; REMANDED WITH INSTRUCTIONS.**