# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**13-440**

**STATE OF LOUISIANA**

**VERSUS**

**KEREN MEJIA**

\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, NO. CR 139905, DIVISION J
## HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

**REVERSED.  CONVICTION VACATED.**

**Chad Ikerd**
**Office of the District Defender**
**Fifteenth Judicial District**
**P.O. Box 3622**
**600 Jefferson Street, Suite 902**
**Lafayette, LA 70502**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Keren Mejia**

**J. N. Prather, Jr., Assistant District Attorney**
**Michael Harson, District Attorney**
**Fifteenth Judicial District Court, District Attorney's Office**
**P.O. Box 3306**
**Lafayette, LA 70502**
**COUNSEL FOR THE STATE OF LOUISIANA**

**PAINTER, Judge.**

In *State v. Sarrabea*, 13-1271 (La. 10/15/13), ___ So.3d ___, the Louisiana Supreme Court has upheld our decision in the same case (12-1013 (La.App. 3 Cir. 5/1/13), ___ So.3d ___, *writ granted*, 13-1271 (La. 6/26/13), 118 So.3d 428), finding that La.R.S. 14:100.13 is unconstitutional. Accordingly, we vacate the conviction of Defendant, Keren Mejia.

## FACTS AND PROCEDURAL HISTORY

On November 22, 2011, Defendant operated a vehicle without documentation of her lawful presence in the United States. She was charged with operating a motor vehicle as an alien student and/or a nonresident alien without documentation demonstrating that she was lawfully present in the United States, a violation of La.R.S. 14:100.13. Defendant was arrested on November 22, 2012, but the bill of information was not filed until December 19, 2012, after she filed a petition for writ of *habeas corpus*. She filed a motion to quash, arguing that the statute was not a valid exercise of police powers and was preempted by federal legislation. The State, represented by the Louisiana Attorney General's Office, opposed the motion.

At a hearing, the trial court first denied Defendant's petition for writ of *habeas corpus*. The trial court then indicated that it would "rule the same way" as it had in previous cases addressing this issue and denied the motion to quash. Defendant then entered a no contest plea pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976), reserving her right to appeal the denial of the motion to quash. She was sentenced to serve twenty days in the parish jail, with credit for time served, to run concurrently with any other sentence she might be serving. She now appeals the denial of the motion to quash.

## DISCUSSION

Defendant argues that the trial court erred in denying her motion to quash and in finding that La.R.S. 14:100.13 is a proper exercise of state police powers. She further contends that the trial court erred in holding that the statute is not preempted by federal law.

Louisiana Revised Statutes 14:100.13(A) provides:

> No alien student or nonresident alien shall operate a motor vehicle in the state without documentation demonstrating that the person is lawfully present in the United States.

The penalty for a violation is a fine of up to one thousand dollars and/or imprisonment for up to one year, with or without hard labor, making the offense a felony. La.R.S. 14:100.13(C); La.R.S. 14:2(A)(4).

In *Sarrabea*, the Louisiana Supreme Court found that La.R.S. 14:100.13 "operates in the field of alien registration and is, therefore, preempted by federal law under the Supremacy Clause of the U.S. Constitution." *Id*. at p. 2. This follows the United States Supreme Court's ruling in *Arizona v. United States*, ___ U.S. ___, 132 S.Ct. 2492 (2012), where the United States Supreme Court noted that federal law requires aliens to carry proof of registration and concluded that "the Federal Government has occupied the field of alien registration." *Id*. at 2502. Field preemption forecloses any state regulation, even when it parallels federal standards, so that "even complementary state regulation is impermissible." *Id*. The United States Supreme Court further noted that "[e]ven if a State may make a violation of federal law a crime in some instances, it cannot do so in a field (like the field of alien registration) that has been occupied by federal law." *Id*.

Both the Arizona statute and the Louisiana statute forbid the willful failure to carry documentation demonstrating a lawful presence in the United States and provide a penalty in excess of the penalty provided by federal law. This

2

inconsistency "creates a conflict with the plan Congress put in place . . . underscor[ing] the reason for field preemption." *Id*. at 2503.

In *State v. Sarrabea*, 12-1013 (La.App. 3 Cir. 5/1/13), ___ So.3d ___, *writ granted*, 13-1271 (La. 6/26/13), 118 So.3d 428, the defendant was convicted under La.R.S. 14:100.13 and sentenced to three months in the parish jail. On appeal, he argued that the statute was unconstitutional, violated the Equal Protection clause, and was overly broad and vague. This court agreed, holding that *Arizona* is controlling jurisprudence, and stated, "To put it plain and simple, La.R.S. 14:100.13 is preempted by federal law; and the State of Louisiana lacks Constitutional authority to enforce it." *Id.* at 17. The conviction was reversed.

Likewise, this court adopted the *Arizona* reasoning in *State v. Gomez*, 12-1357 (La.App. 3 Cir. 5/22/13), 115 So.3d 1200.[1] Finding that Louisiana's statute is field and conflict preempted, this court held the statute unconstitutional and reversed the conviction. The second circuit reached the same conclusion in *State v. Anaya-Espino*, 48,025 (La.App. 2 Cir. 5/22/13), 114 So.3d 1248. The first circuit, in *State v. Lopez*, 12-2043 (La.App. 1 Cir. 3/21/13), 116 So.3d 1, reached the opposite conclusion. However, this split in the circuits has been resolved, and the finding that La.R.S. 14:100.13 is unconstitutional and preempted by federal law has been upheld by the Louisiana Supreme Court in *Sarrabea*, ___ So.3d ___. Thus, we must follow *Sarrabea* and reverse Defendant's conviction on the ground that La.R.S. 14:100.13 is unconstitutional.

---

[1] The State has applied for a writ with the Louisiana Supreme Court in *Gomez*. Writs have also been granted to address this issue in *State v. Marquez*, 12-1316 (La.App. 3 Cir. 1/7/13) (unpublished writ), *writ granted* 13-315 (La. 5/3/13), 112 So.3d 851, and *State v. Ramirez*, 12-1245 (La.App. 3 Cir. 1/7/13) (unpublished writ), *writ granted*, 13-276 (La. 5/3/13), 112 So.3d 851, in which a different panel of this court denied the defendants' writ applications and held La.R.S. 14:100.13 constitutional.

**DECREE**

We reverse the trial court's ruling denying Defendant's motion to quash and vacate her conviction.

**REVERSED.  CONVICTION VACATED.**