PAINTER, Judge.
In State v. Sarrabea, 13-1271 (La.10/15/13), 126 So.3d 453, 2013 WL 5788888, the Louisiana Supreme Court has upheld our decision in the same case (12-1013 (La.App. 3 Cir. 5/1/13), — So.3d -, 2013 WL 1810228, writ granted, 13-1271 (La.6/26/13), 118 So.3d 428), finding that La.R.S. 14:100.13 is unconstitutional. Accordingly, we vacate the conviction of Defendant, Yolanda Martinez.
FACTS AND PROCEDURAL HISTORY
On September 27, 2011, Defendant operated a vehicle without documentation of her lawful presence in the United States. She was charged with a violation of La. R.S. 14:100.13, operating a motor vehicle as an alien student and/or a nonresident alien without documentation demonstrating that she was lawfully present in the United States. Defendant originally pled not guilty. She filed a motion to quash, arguing that the statute was not a valid *639 exercise of police powers and was preempted by federal legislation. The State, represented by the Louisiana Attorney General’s Office, opposed the motion.
At a hearing on the motion to quash, the trial court indicated that it would “rule the same way” as it had in previous cases addressing this issue and denied the motion. Defendant then entered a no-contest plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving the right to appeal the denial of the motion to quash. She was sentenced to serve five days in the parish jail, with credit for time served, to run concurrently with any other sentence she might be serving. She now appeals the denial of the motion to quash.
DISCUSSION
Defendant argues that the trial court erred in denying her motion to quash and in finding that La.R.S. 14:100.13 is a proper exercise of state police powers. |2She further contends that the trial court erred in holding that the statute is not preempted by federal law.
Louisiana Revised Statutes 14:100.13(A) provides:
No alien student or nonresident alien shall operate a motor vehicle in the state without documentation demonstrating that the person is lawfully present in the United States.
The penalty for a violation is a fine of up to one thousand dollars and/or imprisonment for up to one year, with or without hard labor, making the offense a felony. La. R.S. 14:100.13(0; La.R.S. 14:2(A)(4).
In Sarrabea, the Louisiana Supreme Court found that La.R.S. 14:100.13 “operates in the field of alien registration and is, therefore, preempted by federal law under the Supremacy Clause of the U.S. Constitution.” Id. at 126 So.3d 453, 455. This follows the United States Supreme Court’s ruling in Arizona v. United States, — U.S. -, 132 S.Ct. 2492, 183 L.Ed.2d 351 (2012), where the United States Supreme Court noted that federal law requires aliens to carry proof of registration and concluded that “the Federal Government has occupied the field of alien registration.” Id, at 2502. Field preemption forecloses any state regulation, even when it parallels federal standards, so that “even complementary state regulation is impermissible.” Id. The United States Supreme Court further noted that “[ejven if a State may make a violation of federal law a crime in some instances, it cannot do so in a field (like the field of alien registration) that has been occupied by federal law.” Id.
Both the Arizona statute and the Louisiana statute forbid the willful failure to carry documentation demonstrating a lawful presence in the United States and provide a penalty in excess of the penalty provided by federal law. This inconsistency “creates a conflict with the plan Congress put in place ... underscoring] the reason for field preemption.” Id. at 2503.
In State v. Sarrabea, 12-1013 (La.App. 3 Cir. 5/1/13), — So.3d -, 2013 WL 1810228, writ granted, 13-1271 (La.6/26/13), 118 So.3d 428, the defendant was convicted under La.R.S. 14:100.13 and sentenced to three months in the parish jail. On appeal, he argued that the statute was unconstitutional, violated the Equal Protection clause, and was overly broad and vague. This court agreed, holding that Arizona is controlling jurisprudence, and stated, “To put it plain and simple, La.R.S. 14:100.13 is preempted by federal law; and the State of Louisiana lacks Constitutional authority to enforce it.” Id. at — So.3d -, 2013 WL 181022, at *17. The conviction was reversed.
Likewise, this court adopted the Arizona reasoning in State v. Gomez, 12-1357 *640 (La.App. 3 Cir. 5/22/13), 115 So.3d 1200.[1] Finding that Louisiana’s statute is field and conflict preempted, this court held the statute unconstitutional and reversed the conviction. The second circuit reached the same conclusion in State v. Anaya-Espino, 48,025 (La.App. 2 Cir. 5/22/13), 114 So.3d 1248. The first circuit, in State v. Lopez, 12-2043 (La.App. 1 Cir. 3/21/13), 116 So.3d 1, reached the opposite conclusion. However, this split in the circuits has been resolved, and the finding that La.R.S. 14:100.13 is unconstitutional and preempted by federal law has been upheld by the Louisiana Supreme Court in Sarrabea, — So.3d -. Thus, we must follow Sarrabea and reverse Defendant’s conviction on the ground that La.R.S. 14:100.13 is unconstitutional.
DECREE
We reverse the trial court’s ruling denying Defendant’s motion to quash and vacate her conviction.
REVERSED. CONVICTION VACATED.

. The State has applied for a writ with the Louisiana Supreme Court in Gomez. Writs have also been granted to address this issue in State v. Marquez, 12-1316 (La.App. 3 Cir. 1/7/13) (unpublished writ), writ granted 13-315 (La.5/3/13), 112 So.3d 851, and State v. Ramirez, 12-1245 (La.App. 3 Cir. 1/7/13) (unpublished writ), writ granted, 13-276 (La.5/3/13), 112 So.3d 851, in which a different panel of this court denied the defendants' writ applications and held La.R.S. 14:100.13 constitutional.