McClendon, j.
|2The intervenor in a personal-injury action seeking attorney fees appeals the judgment of the trial court and requests an increase in the amount of attorney fees *199 awarded. The plaintiff answered the appeal, asserting that the attorney fees awarded were excessive or, alternatively, seeking attorney fees and costs for a frivolous appeal. For the following reasons, we affirm.
DISCUSSION
This matter arises out of a dispute over attorney fees between various counsel that represented the plaintiff, Herbert Graves, in a motor vehicle accident. After sustaining injuries in the accident on July 4, 2010, Mr. Graves initially retained the services of the Joe’l M. Freeman Law Firm, LLC (Freeman). Freeman represented the plaintiff from August 19, 2010 until November 12, 2010. On November 12, 2010, Mr. Graves terminated the services of Freeman and entered into a contract of employment with the Law Offices of Spencer Calahan, L.L.C. (Calahan). Five days later, on November 17, 2010, Mr. Graves signed a termination of services letter, which was faxed to Calahan. Cala-han argues, however, that, only hours later, Mr. Graves advised Calahan to disregard the termination letter and that he wanted Calahan to continue representing him in connection with his personal injury claim. Calahan asserts that it continued to represent Mr. Graves until April 29, 2011, when Calahan received another termination of services letter from Mr. Graves, again by fax. At that time, Mr. Graves again retained the services of Freeman and also hired the Murphy Law Firm, L.L.C. (Murphy) as co-counsel.
Thereafter, on May 4, 2011, Mr. Graves filed a petition for damages, asserting that he was injured as a result of the July 4, 2010 accident. On September 21, 2011, prior to an out-of-court settlement of Mr. Graves’ claim, Calahan filed a petition of intervention, asserting its entitlement to compensation for legal services performed on behalf of Mr. Graves on a quantum meruit basis and to litigation expenses incurred, together with legal interest and costs. The Rcase subsequently settled for $500,000.00, putting the 40% attorney fee, or $200,000.00, at issue.
Efforts to amicably split the total amount of attorney fees between Calahan, Freeman, and Murphy were not successful, and the trial on Calahan’s intervention was held on April 17, 2018. At the close of Calahan’s case-in-chief, Mr. Graves moved for an involuntary dismissal as to any claims for attorney fees by Calahan after November 17, 2010.[1] The trial court granted the motion in favor of Mr. Graves dismissing all of Calahan’s claims for attorney fees from November 18, 2010, until April 29, 2011. At the conclusion of the trial, the trial court awarded Calahan expenses in the amount of $8,692.00. The trial court further awarded 95% of the $200,000.00 in attorney fees to Murphy and Freeman. The remaining 5% in attorney fees, in the amount of $10,000.00, was awarded to Calahan. A judgment to this effect was signed on May 6, 2013.
Calahan appealed, raising five assignment of errors. Four of the assignment of errors relate to the claim for attorney fees in the period between November 17, 2010, *200 and April 29, 2011. In its remaining assignment of error, Calahan asserts that the award of only 5% of the total amount of attorney fees was unreasonable. Mr. Graves answered the appeal, asserting that the trial court’s award of 5% was excessive or, alternatively, seeking attorney fees and costs for a frivolous appeal.[2]
^DISCUSSION
A trial court has much discretion in fixing an award of attorney fees, and its award will not be modified on appeal absent a showing of an abuse of discretion. Regions Bank v. Automax USA L.L.C., 02-1755 (La.App. 1 Cir. 6/27/03), 858 So.2d 593, 595, writ denied, 03-2131 (La.11/7/03), 857 So.2d 503. An attorney fee must be reasonable, and an analysis of the factors pertinent to a determination of reasonableness is fact intensive. At issue ultimately is the reasonable value of the services rendered and value received by the client. Id., 858 So.2d at 596.
Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court’s own knowledge. See Rule 1.5(a) of the Rules of Professional Conduct; [3] Silwad Two, L.L.C. v. I Zenith, Inc., 12-0282 (La.App. 1 Cir. 12/21/12), 111 So.3d 405, 411.
| BIn this matter, the trial court determined that the record established five days when Calahan was operating under an employment contract with Mr. Graves. However, the trial court recognized that Calahan continued to do work for Mr. Graves through April 29, 2011. The trial court determined, based on the testimony and evidence presented, that a lot of work performed by Calahan was done by staff, no pleadings were prepared or filed, and no litigation work was performed. The court found that Calahan did send correspondence to insurance companies and sent Mr. Graves to Dr. David J. Wyatt, an orthopedist. The trial court also considered the offer of settlement letter of April 29, 2011, prepared by Calahan, as well as *201 Spencer Calahan’s testimony that between November 12, 2010, and November 17, 2010, he spent approximately five to six hours working on Mr. Graves’ claim. The trial court also noted Calahan’s inability to produce any other documents to support any further work performed by Calahan.[4]
The court next considered the amount of work conducted by Freeman and Murphy on behalf of Mr. Graves. The court first noted Freeman’s representation of Mr. Graves for approximately three months between August 19, 2010, and November 12, 2010, after which Freeman was terminated. Thereafter, Freeman was retained under a new contract on April 29, 2011, and continued to represent Mr. Graves for an additional twenty-four months. The trial court noted that Joe’l Freeman testified that after researching the matter, she prepared and filed the petition; reviewed all responsive pleadings filed; participated in all discovery; spoke with most of the approximately fifteen doctors who examined Mr. Graves and reviewed their reports; attended the status and pretrial conferences; attended the deposition of Mr. Graves; got the matter ready for trial and for mediation, including the preparation of the voluminous medical exhibits; and participated in and successfully mediated the case for $500,000.00.
|fiThe trial court then considered Murphy’s participation in the case and stated that Murphy set up several doctor referrals for Mr. Graves; obtained and reviewed the medical records and reports; attended the status and pretrial conferences; prepared Mr. Graves for his deposition; worked on the Medicare set aside; prepared and had the case ready for trial; prepared for and participated in the mediation; and met with or spoke to Mr. Graves on a regular basis in the twenty-four to twenty-seven months that Murphy represented him.
The court then stated:
[E]ven if I consider the post-contract termination period of time by Mr. Cala-han, which includes the referral to Dr. Wyatt and the preparation of the April 29th, 2011 settlement demand, ... I think that a division of the fee in the amount of ninety-five percent to Mr. Murphy and Ms. Freeman and five percent to Mr. Calahan is an appropriate division of this fee.
[[Image here]]
[T]hat would be the best you could do, even if I considered all of that time.
[[Image here]]
I don’t think you met your burden of proving that you were entitled to anything more than that on the best case scenario.
Upon our thorough review of the record, we can find no abuse of the trial court’s discretion in its division of the attorney fees. We agree with the trial court that even were we to consider Calahan’s representation of Mr. Graves between November 17, 2010, and April 29, 2011, five percent of the $200,000.00 for a total of $10,000.00 in attorney fees is a reasonable award to Calahan. We simply cannot say that the amount awarded was an abuse of discretion.
We also find no merit in Mr. Graves’ answer to the appeal that the attorney fees were excessive. Further, we decline to make an award of attorney fees or costs to *202 Mr. Graves in his alternative argument that this appeal does not present a substantial legal question. Although we have rejected Calahan’s arguments, we do not find them to be frivolous.[5]
^CONCLUSION
For the foregoing reasons, we affirm the May 6, 2013 judgment of the trial court. Costs of this appeal are assessed to the Law Offices of Spencer H. Calahan, L.L.C.
MOTION GRANTED; JUDGMENT AFFIRMED.

. Louisiana Code of Civil Procedure Article 1672B provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

. Mr. Graves filed a Motion for Leave to Substitute Corrected Appellee Brief and Answer to Appeal with this court. Mr. Graves' original appeal brief and answer to appeal refers to Peyton Murphy as the appellee rather than Herbert Graves. We grant the motion to correct and name Mr. Graves as the proper ap-pellee and allow the filing of the amended appellate brief and amended answer to appeal.

. Rule 1.5(a) provides: A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following: (1)the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

. Calahan did attempt to introduce documentation reflecting work performed in this matter. However, the trial court did not allow the introduction of the time management log as it was not produced in discovery, and, at a hearing on a motion to compel discovery, the court was told that no such documentation existed. We find no abuse of the trial court’s discretion in refusing to allow the introduction of the documentation into evidence.

. Louisiana Code of Civil Procedure Article 863B provides:
Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
(1)The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentia-ry support after a reasonable opportunity for further investigation or discovery.
(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.