McClendon, j.
12The Louisiana Board of Ethics (Ethics Board) appeals an order of the Louisiana Ethics Adjudicatory Board (EAB) granting a motion to dismiss based upon an exception raising the objection of prescription filed by the defendants, Bryan Krantz and Family Racing Venture, LLC (FRV), For the reasons that follow, we affirm in part, reverse in part, and remand.
FACTUAL AND PROCEDURAL HISTORY
On May 18, 2012, the Ethics Board filed charges in the Division of Administrative Law against Mr. Krantz and FRV, asserting that the defendants violated LSA-R.S. 42:llllC(2)(d) of the Louisiana Code of Governmental Ethics (Ethics Code), during Mr. Krantz’s tenure as a member of the Louisiana State Racing Commission (Commission).[1] Particularly, the Ethics Board alleged that Mr. Krantz, a member of the Commission from August 1, 2008, through December 2, 2010, owned a 50% *739 ownership interest in FRV, during his entire tenure on the Commission. The Ethics Board further charged that, during the years 2008 through 2010, Churchill Downs Horseracing Company, LLC. (Churchill Downs) owned and operated off-track betting and racetrack facilities, licensed and regulated by the Commission, and that FRV maintained a lease with Churchill Downs during that time. Thus, the Ethics Board asserted that, while a member of the Commission, Mr. Krantz and FRV received a thing of economic value, in the form of lease payments, for services provided to or for Churchill Downs in violation of the Ethics Code.
On October 24, 2012, Mr. Krantz and FRV filed a motion to dismiss the charges based on prescription. Therein, the defendants asserted that on |sOctober 7, 2008, the Commission requested an advisory opinion from the Ethics Board “as to whether there are any conflicts of interest or ethical impediments to Mr. Krantz serving on the Commission while he possesses a minority interest in a limited liability company [FRV] whose remaining interests are owned by his wife and children when [FRV] is a party to a lease with another entity regulated by the Commission, to wit Churchill Downs d/b/a Fair Grounds Racecourse. The lease in question preexists Mr. Krantz’s appointment to the Racing Commission.” The defendants further asserted that on November 19, 2008, the Ethics Board rendered an advisory opinion to the Commission stating that “Mr. Krantz and his company Family Racing Venture, is prohibited from providing compensated services to a person that is licensed and regulated by the Commission while he serves on the Commission.”
No action to enforce any .provision of this Chapter shall be commenced after the expiration of two years following the discovery of the occurrence of the alleged violation, or four years after the occurrence of the alleged violation, whichever period is shorter.
The defendants contended that two and a half years later, on May 19, 2011, the Ethics Board voted to investigate the defendants for violations of LSA-R.S. 42:llllC(2)(d) of the Ethics Code, which resulted in the charges filed on May 18, 2012. Mr. Krantz and FRV asserted that the facts alleged in the Ethics Board’s investigation and charges were substantively identical to the facts set forth and addressed in the Ethics Board’s November 19, 2008 advisory opinion. Thus, the defendants urged that the Ethics Board knew of the facts of the alleged violations for two-and-a-half years before it sought to enforce, outside of the two-year prescriptive period provided in LSA-R.S. 42:1168.[2]
In support of the motion to dismiss based on the prescription exception, the defendants submitted a copy of the October 7, 2008 request for an advisory opinion, as well as a copy of the November 19, 2008 advisory opinion. The defendants also submitted a copy of the May 26, 2011 letter to Mr. Krantz advising him of the investigation by the Ethics Board and a copy of the |4November 28, 2011 letter to FRV advising it of the investigation. A copy of the charges against Mr. Krantz and FRV was also submitted.
The Ethics Board filed an opposition in response to the exception of prescription, arguing that the issuance of the advisory opinion did not constitute “knowledge” that a potential violation of the Ethics Code had occurred. The Ethics Board urged that an advisory opinion issued by it was simply written advice as to whether prospective conduct described by the requesting party would present a violation of *740 the Ethics Code. It maintained that at the time it. receives a request and renders an opinion, it has no way of knowing whether a requesting party has or will engage in the conduct described in the request. Thus, according to the Ethics Board, the date of the advisory opinion in 2008 was not the date the Ethics Board discovered an alleged violation of the Ethics Code, but rather March 24, 2011, the date the Ethics Board received the confidential agency head report from the Commission regarding the types of conduct in which the defendants were allegedly engaged, was the date of discovery. Accordingly, the Ethics Board maintained that it had two years, or until March 24, 2013, to initiate an action to enforce any provision of the Ethics Code, making the charges issued by the Ethics Board on May 18, 2012, timely.
The Ethics Board also argued that it did not consider the matter until its scheduled meeting of May 19, 2011, at which time it reviewed the report and referred the matter to investigation, making the charges timely under LSA-R.S. 42:1141C(3)(c), which provides a one-year prescriptive period for issuing charges from the date the Ethics Board votes to consider a matter.[3]
In support of its opposition to the prescription exception, the Ethics Board submitted the affidavit of Deborah Scott Grier, its executive secretary, who attested that as the custodian of all records, reports, and files of the Ethics Board, she received the record in this matter, which indicated that the Ethics |fiBoard received a confidential agency head report from the Commission on March 24, 2011. She also attested that the minutes of the May 19, 2011 meeting indicated that the Ethics Board reviewed the report on that date and unanimously resolved to investigate whether the defendants violated LSA-R.S. 42:llllC(2)(d).
If the Board of Ethics does not issue charges within one year from the date upon which a sworn complaint is received or, if no sworn complaint was received, within one year from the date the board voted to consider the matter, the matter shall be dismissed. The one-year period shall be prescriptive.
After a public hearing on November 30, 2012, the EAB issued an order, with written reasons, on December 13, 2012, granting the motion to dismiss. In its reasons, after setting forth the facts, the EAB set forth its conclusions of law. The EAB concluded that the charges against Mr. Krantz and FRV had prescribed. The EAB further concluded that the Ethics Board discovered the occurrence, within the meaning of LSA-R.S. 42:1163, of the defendants’ alleged violation, at the latest, on November 13, 2008, when the Ethics Board considered the Commission’s request for an advisory opinion. The EAB found that the facts in the request for the advisory opinion gave rise to actual knowledge of existing, not hypothetical conduct, and provided information regarding current, ongoing conduct, and not merely prospective conduct by the defendants. Finding that the Ethics Board did not file charges until after the expiration of two years from the date of discovery of the conduct giving rise to the alleged violations, the EAB determined the charges were prescribed.
After its request for a rehearing and reconsideration was denied, the Ethics Board filed this appeal.
DISCUSSION
The Ethics Board is charged with enforcing the Ethics Code. LSA-R.S. 42:1132C. The purpose of the Ethics Code is to further the public interest by ensuring that the law protects against conflicts *741 of interest on the part of Louisiana’s public officials and state employees by establishing ethical standards to regulate the conduct of those persons. LSA-R.S. 42:1101B; Duplantis v. Louisiana Bd. of Ethics, 2000-1750 (La.3/23/01), 782 So.2d 582, 586; In re Louisiana Bd. of Ethics, 13-1602 (La.App. 1 Cir. 3/21/14), 2014 WL 1165873 (unpublished opinion). To achieve this end, the Ethics Board is given the authority t(^investigate and pursue formal charges against individuals and entities for alleged violations of the Ethics Code. LSA-R.S. 42:1134. The Ethics Board is also authorized to render advisory opinions regarding interpretations of the Ethics Code. LSA-R.S. 42:1134E.
Initially, we address and reject the defendants’ argument that the Ethics Board is impermissibly seeking review of findings of fact, in violation of LSA-R.S. 42:1142A(2)(a), which provides:
Upon the unanimous vote of its members present and voting, the Board of Ethics may appeal a final decision of the Ethics Adjudicatory Board to the Court of Appeal, First Circuit, within thirty days after the signing and transmission of the notice of the final decision, or if a rehearing is requested, within thirty days after the transmission of the notice of the decision of the Ethics Adjudicatory Board on the rehearing. Only questions of law in a final decision may be appealed pursuant to this Paragraph, and the appeal shall be limited to the record created at the hearing before the adjudicatory panel of the Ethics Adjudicatory Board. For purposes of this Paragraph, “final decision” means the decision and order of the adjudicatory panel of the Ethics Adjudicatory Board on the final disposition of the entire matter the Ethics Adjudicatory Board was required to hear.
Generally, factual findings on a peremptory exception raising the objection of prescription, such as the date on which prescription begins to run, are reviewed on appeal under the manifest error-clearly wrong standard of review. McKenzie v. Imperial Fire and Cas. Ins. Co., 12-1648 (La.App. 1 Cir. 7/30/13), 122 So.3d 42, 46, writ denied, 13-2066 (La.12/6/13), 129 So.3d 534. However, in this case, the issue of whether the action of the Ethics Board was prescribed involves the proper application and interpretation of LSA-R.S. 42:1163. The proper application and interpretation of a statute is a question of law. McKenzie, 122 So.3d at 46.
At issue in this appeal is whether the two-year prescriptive period set forth in LSA-R.S. 42:1163 was triggered by the facts contained in the request for an advisory opinion. This identical issue was presented in In re Louisiana Bd. of Ethics, recently decided by another panel of this court.
The facts in the In re Louisiana Bd. of Ethics case are indistinguishable from those presented in this matter. On May 18, 2012, the Ethics Board filed |7charges against Paul Anthony Bourgeois and Anthony’s Feed and Farm Supply, Inc. (Anthony’s), in which Mr. Bourgeois held a 37.5% interest, asserting that they continuously violated LSA-R.S. 42:llllC(2)(d), during Mr. Bourgeois’ tenure on the Commission. The Ethics Board alleged that Mr. Bourgeois exercised control over Anthony’s and that Anthony’s routinely sold to Keith Bourgeois, Mr. Bourgeois’ son and a licensed horse trainer regulated by the Commission, horse supplies and horse feed. Thus, the Ethics Board asserted that during his entire tenure on the Commission, Mr. Bourgeois and Anthony’s received a thing of economic value for services provided to or for Keith Bourgeois in *742 violation of the Ethics Code. In re Louisiana Bd. of Ethics, 13-1602 at p. 1.
Mr. Bourgeois and Anthony’s filed a motion to dismiss the charges on the basis of prescription, making the- same arguments presented in this matter. They also submitted similar evidence, including a copy of the Commission’s September 24, 2008 letter requesting an advisory opinion, the November 17, 2008 advisory opinion that concluded that Anthony’s was prohibited from doing business with persons licensed by the Commission while Mr. Bourgeois served on the Commission, and a copy of the charges filed by the Ethics Board on May 18, 2012. The Ethics Board opposed the exception, making the same argument it makes here. In re Louisiana Bd. of Ethics, 13-1602 at pp. 1-3.
This court held that the EAB erred in concluding that the advisory opinion request gave the Ethics Board actual or constructive knowledge of defendants’ potential Ethics Code violations occurring after the issuance of the advisory opinion and found that the Ethics Board had no way of knowing or anticipating that defendants would engage in prohibited transactions in the future. In re Louisiana Bd. of Ethics, 13-1602 at p. 6. This court agreed with the Ethics Board that the prescriptive period did not begin to run until either March 24, 2011, the date it received the confidential agency report detailing the conduct engaged in by defendants that served as a basis for the 2012 charges, or May 19, 2011, the date it reviewed and voted to consider the charges. Thus, this Iscourt he]d that that the Ethics Board timely acted to enforce the charges on May 18, 2012, within the prescriptive periods established by law. Id.
However, we also determined that the facts set forth in the September 24, 2008 request for an advisory opinion served to provide the Ethics Board with knowledge of defendants’ violations of the Ethics Code that allegedly occurred prior to the receipt of the request. Thus, prescription to enforce the Ethics Code on the alleged past violations commenced to run on that date, more than two years prior to the filing of the action to enforce the Ethics Code.
Accordingly, this court held that the EAB erred in dismissing all of the charges filed against defendants and reversed that portion of the judgment sustaining the exception of prescription as to alleged violations occurring after September 24, 2008. We affirmed that portion of the judgment sustaining the exception of prescription as to those charges for violations occurring before that date. In re Louisiana Bd. of Ethics, 13-1602 at p. 7.
In both In re Louisiana Bd. of Ethics and the case presently before us, the requests for advisory opinions were very factually specific, referencing names, dates, contracts, and financial interests held by the parties, sufficient for the discovery of the alleged violations, occurring before the dates of the requests. Thus, finding the In re Louisiana Bd. of Ethics case to be controlling, we determine that the charges filed against the defendants in this matter for alleged violations occurring before the October 7, 2008 advisory opinion request, have prescribed. Likewise, because we also find that the prescriptive period did not start to run until either March 24, 2011, the date it received the confidential agency report detailing the conduct in which the defendants were allegedly engaged that served as a basis for the 2012 charges, or May 19, 2011, the date it reviewed the confidential report and voted to consider the charges, the charges filed by the Ethics Board on May 18, 2012, for violations occurring after October 7, 2008, were timely.
*743 ^CONCLUSION
For the above reasons, we find that the EAB erred in dismissing all of the charges filed against the defendants on the basis that they were prescribed. We reverse that portion of the December 13, 2012 final decision of the EAB, sustaining the exception of prescription as to alleged violations occurring after October 7, 2008. We affirm that portion of the judgment sustaining the exception of prescription as to those charges for violations occurring before that date. The case is remanded to the Ethics Adjudicatory Board to conduct proceedings consistent with this opinion. All costs of this appeal are assessed to the defendants, Bryan Krantz and Family Racing Venture, LLC.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

. Louisiana Revised Statutes 42:llllC(2)(d) provides:
(2) No public servant and no legal entity in which the public servant exercises control or owns an interest in excess of twenty-five percent, shall receive any thing of economic value for or in consideration of services rendered, or to be rendered, to or for any
person during his public service unless such services are:
[[Image here]]
(d) Neither performed for nor compensated by any person from whom such public servant would be prohibited by R.S. 42:1115(A)(1) or (B) from receiving a gift.

. Louisiana Revised Statutes 42:1163 provides:

. Louisiana Revised Statutes 42:1141C(3)(c) provides, in pertinent part: