THERIOT, J.
lain this case, plaintiff appeals a trial court judgment dismissing his claims with prejudice against two defendants for failure to state a cause of action. We affirm.
FACTS AND PROCEDURAL HISTORY
This suit arises from a March 15, 2008 motor vehicle accident between Richard Reynolds and Robert Bordelon III. Richard Reynolds filed a petition for damages against Robert Bordelon III, and a number of other defendants as a result of the accident. Mr. Reynolds’ petition alleges that the airbags in his 2003 Infíniti G35S, which was manufactured by Nissan North America (“Nissan”), failed to properly deploy upon impact, causing him further injury and damages. Mr. Reynolds made a claim against Nissan under the Louisiana Products Liability Act, La. R.S. 9:2800.51 et seq. The petition further alleges that subsequent to the accident, Mr. Reynolds’ insurer, Automobile Club Inter-Insurance Exchange (“ACHE”) and the custodian of his vehicle, Insurance Auto Auctions Corporation (“IAA”), were put on notice to preserve the vehicle until such time that it could be inspected to determine if there was defective equipment, but they failed to do so. As a result, Mr. Reynolds made claims against ACHE and IAA for spoliation of evidence.
ACHE and IAA each filed peremptory exceptions raising the objection of no cause of action on Mr. Reynolds’ spoliation claims because the petition contained no allegations of any intentional act by ACHE or IAA, an essential element of a claim for spoliation. After a September 17, 2009 hearing, the trial court granted the exceptions, but gave Reynolds fifteen days to amend his petition in order to state a cause of action against ACHE and IAA.
^Reynolds filed a First Supplemental and Amending Petition for Damages on October 2, 2009, in which he made allegations that ACHE and IAA “negligently spoil[ed]” the evidence which they owed a duty to preserve. ACHE and IAA again filed peremptory exceptions raising the ob- *572 jeetion of no cause of action, and ACIIE filed a motion for summary judgment, in the alternative; which were denied by the trial court based upon a recent First Circuit opinion discussing the concept of “negligent spoliation.”[1] This court denied supervisory writs on the grounds that the First Circuit “has not issued a studied opinion regarding whether a cause of action exists for negligent spoliation of evidence.” [2]
After a later decision by the First Circuit in Clavier v. Our Lady of the Lake Hospital, Inc., 12-0560 (La.App. 1 Cir. 12/28/12), 112 So.3d 881, writ denied, 13-0264 (La.3/15/13), 109 So.3d 384, discussing and ultimately rejecting the concept of a “negligent spoliation” cause of action, ACHE and IAA filed renewed peremptory exceptions of no cause of action, and ACHE filed a motion for summary judgment in the alternative. After a hearing, the trial court .sustained the peremptory exceptions of no cause of action, finding that based on the recent First Circuit opinion in Clavier, there does not exist a cause of action for negligent spoliation. Further, finding that the grounds for the objection could not be cured by amendment, the trial court dismissed Mr. Reynolds’ claims against ACHE and IAA with prejudice. The motion |Bfor summary judgment filed in the alternative by ACHE was denied as moot. Mr. Reynolds appealed.
DISCUSSION
A peremptory exception raising the objection of no cause of action is authorized by Louisiana Code of Civil Procedure article 927(A)(5). The Louisiana Supreme Court summarized the nature of, and the procedure governing, this exception in Fink v. Bryant, 01-0987, pp. 3-4 (La.11/28/01), 801 So.2d 346, 348^9, as follows:
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true, (citations omitted).
The supreme court in Fink further explained that, in reviewing a trial court’s ruling sustaining an exception of no cause of action, an appellate court should subject the case to de novo review because:
*573 the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.
Fink, 01-0987 at p. 4, 801 So.2d at 349 [citations omitted].
As the exception of no cause of action presents a question of law, our task is “simply a review of whether the trial court was legally correct or legally incorrect.” See Thinkstream, Inc. v. Rubin, 06-1595, p. 8 (La.App. 1 Cir. 9/26/07), 971 So.2d 1092, 1100, writ denied, 07-2113 (La.1/7/08), 973 So.2d 730.
[ (As stated previously, this court considered the viability of a claim for negligent spoliation of evidence in Clavier v. Our Lady of the Lake Hosp. Inc., 12-0560 (La.App. 1 Cir. 12/28/12), 112 So.3d 881. The Claviers made claims for spoliation of evidence against the hospital where their son died and the doctors who performed the surgery and the autopsy. The Claviers filed a separate malpractice suit arising from their son’s death, but they alleged in the spoliation suit that the defendants’ destruction of evidence prevented them from being able to prove the cause of their son’s death, which they believed was an adverse drug reaction, in their malpractice suit. Clavier, 12-0560 at pp. 2-3, 112 So.3d at 884. The actions which the Claviers alleged constituted spoliation include hospital employees unplugging their son’s pain pump after his death, resulting in the erasure of recorded data that would have shown the amounts of narcotic drugs he had received, and the failure to include toxicology screens in the autopsy. Clavier, 12-0560 at pp. 4-5, 112 So.3d at 885. On appeal, this court raised the peremptory exception raising the objection of no cause of action on its own motion and specifically rejected the theory of negligent spoliation of evidence. Clavier, 12-0560 at pp. 3-5, 112 So.3d at 884-885. This court held that a cause of action for spoliation of evidence requires allegations of an intentional act:
The theory of “spoliation” of evidence refers to an intentional destruction of evidence for purpose of depriving opposing parties of its use. A plaintiff asserting a claim for spoliation of evidence must allege that the defendant intentionally destroyed evidence. Allegations of negligent conduct are insufficient.
Clavier, 12-0560 at p. 5, 112 So.3d at 885 (citations omitted).
The court in Clavier held that the plaintiffs’ petition failed to state a cause of action and declined to allow plaintiffs an opportunity to amend their petition to state a cause of action for negligent spoliation, noting that 17“because a plaintiff asserting a claim for spoliation of evidence must allege that the defendant intentionally destroyed evidence, there is no set of facts that would permit [a plaintiff] to claim entitlement to damages for negligent spoliation.” Clavier, 12-0560 at p. 10, 112 So.3d at 888 (citations omitted, emphasis added). Further, addressing the Clavier’s assertion that the First Circuit had previously acknowledged a cause of action for spoliation of evidence arising from negligent acts in an unpublished opinion, Harris v. St. Tammany Parish Hosp. Service Dist. No. 1, 11-0941, 11-0942 (La.App. 1 Cir. 12/29/11), 2011 WL 6916523 (unpublished), writ denied, 12-0585, 12-0678 (La.4/20/12), 85 So.3d 1275, 85 So.3d 1277, the court stated that the Clavier’s rebanee on Harris was misplaced, and explained that “any statements that could be construed to suggest the existence of a separate cause of action for *574 negligent spoliation were merely dicta.” Clavier, 12-0560 at p. 10, fn. 5, 112 So.3d at 891, fn. 5.
Thus, it is clear that following Clavier there is no viable cause of action for negligent spoliation of evidence, and the court was correct in sustaining the peremptory exception of no cause of action.
CONCLUSION
The judgment of the trial court dismissing Mr. Reynolds’, claims against ACIIE and IAA for failure to state a cause of action is affirmed. Costs of this appeal are assessed to plaintiff, Richard L. Reynolds.
AFFIRMED.

. Dennis v. Wiley, 90-0236 (La.App. 1 Cir. 9/11/09), 22 So.3d 189, involved a claim for negligent infliction of emotional distress by a rape victim against the sheriff for the actions of the sheriff's office in mistakenly disposing of the evidence from her 1989 unsolved rape. The plaintiff in Wiley did not have a typical "negligent spoliation” claim where the destruction or loss of evidence involves evidence that would have benefitted a potential or pending civil claim; rather, the plaintiff alleged that she suffered emotional distress when she discovered, fourteen years after the rape, that her evidence had been destroyed without the rapist ever being caught. The concept of negligent spoliation, which had not been previously recognized by the First Circuit as a valid claim, was discussed by the court in dicta, but the court ultimately held that the sheriff owed no duty to the plaintiff to preserve the evidence. As a result, the court never reached the issue of whether the First Circuit recognized a valid claim for negligent spoliation of evidence. Id.

. Reynolds v. Bordelon, 2010CW0227, 2010CW0379, (La.App. 1 Cir. 6/23/10).