McDONALD, J.,
concurring.
LI believe the majority is correct in affirming the trial court’s denial of the *457 motion to suppress based on exigent circumstances. However, I believe the theories of abandonment and inevitable discovery also support the trial court’s decision. The seizure of the defendant did not occur until after he discarded the weapon, whereupon he acquiesced to the official show of authority by surrendering to Lieutenant Bookenberger. See California v. Hodari D., 499 U.S. 621, 626, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690 (1991) (recovery of property abandoned by a person before the police have seized him either by the application of physical force or by his submission to the assertion of official authority does not implicate the Fourth Amendment). In addition, at the time the defendant discarded the weapon, his actual stop was not imminent. See State v. Tucker, 626 So.2d 707, 711-13 (La.1993). Once the gun was discarded and abandoned, the defendant had no privacy interest in it.
Additionally, since the gun was discarded and abandoned in an area only ten to fifteen feet into the yard, it most assuredly and inevitably would have been discovered and been seen if Lieutenant Bookenberger had a flashlight or had it been daylight. Nix v. Williams, 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984); State v. Forbes, 12-2001 (La.App. 1 Cir. 6/7/13), 2013 WL 2484742 (unpublished).
Based on these additional theories, I would also affirm the decision of the-trial court in denying the motion to suppress.