PER CURIAM.
L Granted; relief denied; sentence corrected. The district court erred in granting relator’s motion to correct an illegal sentence by amending his sentence to reflect that it is no longer without parole eligibility and ordering the Louisiana Department of Corrections to revise relator’s prison master accordingly. The court further erred by directing the Department to calculate an eligibility date for parole consideration according to the criteria provided by La.R.S. 15:574.4(A)(2). Although relator seeks review because the district court did not provide him the remedy he sought — resentencing according to the applicable range for the next responsive verdict of manslaughter — the district court erred in granting relator any relief. The decision in Miller v. Alabama, 567 U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), is not retroactive to final sentences. State v. Tate, 12-2763 (La.11/5/13), 130 So.3d 829, cert. denied, Tate v. Louisiana, — U.S.—, 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014). The district court’s order is therefore vacated in its entirety. Relator’s original sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence is reinstated. See La.C.Cr.P. art. 882 (an appellate court may correct an illegal sentence “at any time”); see also State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790. The Department of Corrections is directed to maintain relator’s prison master in conformity with the terms of the sentence required by law.
JOHNSON, C.J., would deny.