PER CURIAM:
| granted for the sole purpose of transferring to the Second Circuit Court of Appeal for its consideration.
Though this Court originally retained exclusive appellate jurisdiction over this pre-1982 felony conviction, see La. Const, art. V, § 5(E), following the substantive change of law announced in Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the retroactive applicability of which was clarified in Montgomery v. Louisiana, 577 U.S. -, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the matter was remanded to the trial court for further proceedings consistent with the views expressed in State v. Montgomery, 13-1163 (La. 6/28/16), 194 So.3d 606, and for resen-tencing pursuant to La.C.Cr.P. art. 878.1. Accordingly, given that the United States Supreme Court’s Eighth Amendment jurisprudence concerning the punishment of juvenile defendants undermined defendant’s original sentence, and that he was resentenced in 2016, when appellate jurisdiction in non-capital penalty cases triable by jury, such as this case, is vested in the intermediate courts of appeal, see La. Const, art. V, § 10(A) (eff. July 1, 1982, “[A] court of appeal has appellate jurisdiction of ... all criminal cases triable | ?by a jury,” except when a law has been declared unconstitutional or when the death penalty has been imposed), defendant’s pleading, which we construe as an appeal from his resentencing, see State v. Franks, 391 So.2d 1133 (La. 1980) (subsequent filings following resentencing treated as appeals by this Court), is subject to direct review in the court of appeal.