PER CURIAM:
j iWrit granted. In light of the Supreme Court’s holding in Montgomery v. Louisiana, 577 U.S. -, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) that Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) announced a substantive rule of constitutional law that applies retroactively, we vacate relator’s sentence and remand this case to the 26th Judicial District Court for further proceedings con *382 sistent with the views expressed in State v. Montgomery, 13-1163 (La. 6/28/16), 194 So.3d 606, and for resentencing pursuant to La.C.Cr.P. Art. 878.1. After defendant is resentenced, that judgment is included by statute among those which defendant may appeal. See La.C.Cr.P. art. 912(C)(1). Furthermore, although this court originally had exclusive appellate jurisdiction over this pre-1982 felony conviction and sentence, see La. Const, art. V, § 5(E), after the resentencing to which relator is now entitled, appellate jurisdiction for the purposes of any review of his new sentence will vest in the intermediate court of appeal. See La. Const. art. V, § 10 (eff. July 1, 1982, “[A] court of appeal has appellate jurisdiction of ... all criminal cases triable by a jury,” except when a law has been |2declared unconstitutional or when the death penalty has been imposed); see also State ex rel. Hudson v. State, 16-1731 (La. 1/9/17), 208 So.3d 882, 2017 WL 85558.