**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**KA 17-683**

**STATE OF LOUISIANA**

**VERSUS**

**ROGER WAYNE NASH**

**AKA ROGER NASH**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 204-429
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**VAN H. KYZAR
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Van H. Kyzar, and Candyce G. Perret,
Judges.

**SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

**Phillip Terrell, Jr.**
**9th JDC DA**
**Parish of Rapides**
**P. O. Box 1472**
**Alexandria, La 71309-1472**
**(318) 473-6650**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Willard Trichel Armitage, Jr.**
**9th JDC ADA**
**P. O. Box 1472**
**Alexandria, LA 71309-1472**
**(318) 445-3127**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Mary Constance Hanes**
**Louisiana Appellate Project**
**P.O. Box 4015**
**New Orleans, LA 70178-4015**
**(504) 866-6652**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Roger Wayne Nash**

**Roger Wayne Nash**
**General Delivery**
**Louisiana State Penitentiary**
**17544 Tunica Trace**
**Angola, LA 70712**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Roger Wayne Nash**

**KYZAR, Judge.**

The Defendant, Roger Wayne Nash, a.k.a. Roger Nash, entered a guilty plea in 1982 to second degree murder in violation of La.R.S. 14:30.1, when he was 15 years old. He was originally sentenced to serve life in prison without the benefit of parole, probation, or suspension of sentence. Following the filing and consideration of numerous post-conviction motions throughout the years, as will be discussed below, this court granted an appeal related to the Defendant's sentence. Appellate counsel has filed a brief pursuant to *Anders*[1], together with a motion to withdraw. For the following reasons, we affirm the Defendant's sentence. Further, we grant appellate counsel's motion to withdraw.

## Facts and Procedural Background

On or about May 15, 1982, Defendant, who was fifteen years old at the time, murdered Avy Johnson. The Defendant was charged with second degree murder in an indictment filed on May 27, 1982. He entered a plea of guilty on October 4, 1982, and was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.

On November 13, 2012, the Defendant filed a "Motion to Correct an Illegal Sentence." Therein, the Defendant asserted his sentence was illegal under the ruling in *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455 (2012), which declared unconstitutional a sentencing scheme that mandated a life sentence without the possibility of parole for those under the age of eighteen at the time of the commission of a homicide. Therefore, he asserted that he should be resentenced in accordance with the penalty provision for the lesser included offense of manslaughter.

On March 14, 2013, the trial court denied the Defendant's request to vacate his life sentence and to resentence him to the penalty for manslaughter. However, the trial

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

court did amend the Defendant's sentence to life imprisonment with eligibility for parole.

On April 8, 2013, the Defendant filed a "Notice of Intent to Seek Supervisory Writ and Order Setting Return Date" and thereafter filed a writ application with this court on April 15, 2013. We issued the following ruling in *State v. Nash*, 13-425 (La.App. 3 Cir. 7/31/13) (unpublished opinion):

> **WRIT DENIED:** Relator filed a writ application with this court seeking review of the trial court's March 14, 2013, ruling on Relator's November 13, 2012, motion to correct illegal sentence. This court has recently held that *Miller v. Alabama*, 567 U.S. [460], 132 S.Ct. 2455 (2012) does not apply retroactively. *See State v. Huntley*, 13-127 (La.App. 3 Cir. 7/10/13), [118] So.3d [95]. Accordingly, Relator's writ application is denied.

The State sought review of this court's ruling, and the supreme court subsequently issued the following per curiam in *State ex rel. Nash v. State*, 13-2032, pp. 1-2 (La. 9/19/14), 147 So.3d 1111, 1111:

> Granted; relief denied; sentence corrected. The district court erred in granting relator's motion to correct an illegal sentence by amending his sentence to reflect that it is no longer without parole eligibility and ordering the Louisiana Department of Corrections to revise relator's prison master accordingly. The court further erred by directing the Department to calculate an eligibility date for parole consideration according to the criteria provided by La.R.S. 15:574.4(A)(2). Although relator seeks review because the district court did not provide him the remedy he sought—resentencing according to the applicable range for the next responsive verdict of manslaughter—the district court erred in granting relator *any* relief. The decision in *Miller v. Alabama*, 567 U.S. [460], 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), is not retroactive to final sentences. *State v. Tate*, 12–2763 (La.11/5/13), 130 So.3d 829, *cert. denied, Tate v. Louisiana*, — U.S. — 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014). The district court's order is therefore vacated in its entirety. Relator's original sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence is reinstated. *See* La.C.Cr.P. art. 882 (an appellate court may correct an illegal sentence "at any time"); *see also State v. Williams*, 00–1725 (La.11/28/01), 800 So.2d 790. The Department of Corrections is directed to maintain relator's prison master in conformity with the terms of the sentence required by law.

On April 1, 2016, the Defendant filed another "Motion to Correct an Illegal Sentence." Therein, he asserted the rulings in *Miller*, 567 U.S. 460, and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), rendered his life sentence without parole

2

unconstitutional. In *Montgomery*, the United States Supreme Court found *Miller*, 567 U.S. 460, announced a new substantive constitutional rule that applied retroactively on state collateral review.

On August 29, 2016, the State moved to amend the Defendant's sentence to provide for parole eligibility. The trial court granted the motion, and there was no objection by the Defendant.

A "Motion to Reconsider Sentence" was filed on September 23, 2016. In that motion, the Defendant asserted the sentence of life with parole was not authorized by law, he was entitled to immediate release, and the trial court did not comply with the sentencing guidelines set forth in *State v. Montgomery*, 13-1163 (La. 6/28/16), 194 So.3d 606. In *Montgomery*, the Louisiana Supreme Court held that the statutory provisions regarding prospective sentencing of juveniles were applicable to resentencing hearings. The motion to reconsider was denied.

That same day, September 23, 2016, the Defendant filed a "Notice of Intent to Seek Supervisory Writ and Order Setting Return Date." He also filed a "Motion and Order for Designation of Record." The notice of intent and designation of record were denied on December 29, 2016.

The Defendant filed a writ application with this court on January 27, 2017. In *State v. Nash*, 17-59 (La.App. 3 Cir. 4/28/17) (unpublished opinion), this court stated:

> **WRIT GRANTED AND MADE PEREMPTORY**: Relator filed a writ application with this court seeking review of the trial court's August 29, 2016 ruling that added the possibility of parole to his life sentence. This court considers that ruling a resentencing of Relator, review of which shall be by appeal. *See State ex rel. Wise v. State*, 15-224 (La. 2/17/17), 211 So.3d 378; *State ex rel. Gaskin v. State*, 15-225 (La. 2/17/17), 211 So.3d 381; *State v. Montgomery*, 13-1163 (La. 6/28/16), 194 So.3d 606; La.Code Crim.P. art. 912(C)(1). As such, the matter is remanded to the trial court for further proceedings consistent herewith. The trial court is to consider Relator's notice of intent as a motion to appeal, to grant Relator an appeal, to appoint Relator appellate counsel, and to order the preparation of an appellate record for the purposes of the appeal.

3

On May 16, 2017, the trial court issued an order granting the Defendant an appeal. The Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal, and requests this court grant her accompanying motion to withdraw. The Defendant was advised, via certified mail, that counsel filed an *Anders* brief. The Defendant was given until October 10, 2017, to file a pro se brief, and he has not done so. For the following reasons, we affirm the Defendant's sentence and grant appellate counsel's motion to withdraw.

## Discussion

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we submit there are no errors patent.

### *Anders Analysis*

Appellate counsel has filed a brief pursuant to *Anders*, alleging that there are no non-frivolous issues upon which to base an appeal. Further, she has also filed a motion to withdraw as the defendant's appellate counsel. The Defendant was given the opportunity to file a pro se brief, but has failed to do so.

> The *Anders* procedure used in Louisiana was discussed in [*State v.*] *Benjamin*, 573 So.2d [528] at 529–31 [(La.App. 4 Cir. 1990)], sanctioned by the Louisiana Supreme Court in [*State v.*] *Mouton*, [95-981 (La. 4/28/95),] 653 So.2d [1176] at 1177, and expanded by the Louisiana Supreme Court in [*State v.*] *Jyles*[, 96-2669 (La. 12/12/97), 704 So.2d 241]. According to *Anders* [*v. California*], 386 U.S. [738] at 744, 87 S.Ct [1396] at 1400 [1967)], "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." To comply with *Jyles*, appellate counsel must not only review the procedural history of the case and the evidence, but his brief also must contain "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *Jyles*, 704 So.2d at 242 (quoting *Mouton*, 653 So.2d at 1177). When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.

*State v. Thomas*, 12-177, p. 5 (La.App. 1 Cir. 12/28/12), 112 So.3d 875, 878.

Appellate counsel's brief contains no assignments of error and a motion to withdraw. In accordance with *Anders*, 386 U.S. 738, and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, counsel has reviewed the procedural history and record of the case following resentencing of the Defendant and indicated that after a "conscientious and thorough review of the trial court record," she could find no non-frivolous issues to raise on appeal and seeks permission to withdraw.

In her *Anders* brief, appellate counsel notes this appeal relates only to the resentencing of the Defendant and limited her discussion to issues pertaining thereto. Appellate counsel discusses the relevant decisions of the United States Supreme Court, the Louisiana Supreme Court, and legislation enacted as a result thereof. In 2012, the United States Supreme Court, in *Miller*, 567 U.S. 460, held the eighth amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. In response to that decision, the Louisiana Legislature enacted La.Code Crim.P. art. 878.1 and La.R.S. 15:574.4(E) in 2013. Louisiana Code of Criminal Procedure Article 878.1 required district courts to conduct a hearing in such cases to determine whether a defendant's sentence would be imposed with or without parole eligibility pursuant to the provisions of La.R.S. 15:574.4(E), and provided as follows:

> A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).
>
> B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender's level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without

5

parole eligibility should normally be reserved for the worst offenders and the worst cases.

Louisiana Revised Statutes 15:574.4(E) provided the conditions under which juvenile homicide offenders could become eligible for parole consideration:

(1) Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) who was under the age of eighteen years at the time of the commission of the offense shall be eligible for parole consideration pursuant to the provisions of this Subsection if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1 and all of the following conditions have been met:

(a) The offender has served thirty-five years of the sentence imposed.

(b) The offender has not committed any disciplinary offenses in the twelve consecutive months prior to the parole eligibility date.

(c) The offender has completed the mandatory minimum of one hundred hours of prerelease programming in accordance with R.S. 15:827.1.

(d) The offender has completed substance abuse treatment as applicable.

(e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the offender shall complete at least one of the following:

(i) A literacy program.

(ii) An adult basic education program.

(iii) A job skills training program.

(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.

(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.

These provisions became effective August 1, 2013.

On November 5, 2013, the Louisiana Supreme Court issued a ruling in *State v. Tate*, 12-2763 (La. 11/5/13), 130 So.3d 829, *cert. denied*, __ U.S. __, 134 S.Ct. 2663 (2014), *abrogated by Montgomery v. Louisiana*, __ U.S. __, 136 S.Ct. 718 (2016), finding that *Miller*, 567 U.S. 460, was not subject to retroactive application, and that La.Code Crim.P. art. 878.1 and La.R.S. 15:574.4(E) applied prospectively only.

The United States Supreme Court decided *Montgomery*, 136 S.Ct. 718, on January 25, 2016. Therein, the Court found *Miller*, 567 U.S. 460, announced a substantive rule of constitutional law that applied retroactively:

> Giving *Miller* retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, *e.g.*, Wyo. Stat. Ann. § 6–10–301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.

*Id.* at 736.

*Montgomery*, 136 S.Ct. 718, remanded the case to the Louisiana Supreme Court for further proceedings. On June 28, 2016, in *Montgomery*, 194 So.3d at 607-09, the Louisiana Supreme Court held that absent legislation to the contrary, courts should utilize La.Code Crim.P. art. 878.1 and La.R.S. 15:574.4(E) when conducting resentencing hearings for juvenile homicide offenders sentenced prior to *Miller*, 567 U.S. 460, to determine whether they should be granted or denied parole eligibility.

The Louisiana Legislature amended La.Code Crim.P. art. 878.1, effective August 1, 2017, and it now states, in pertinent part:

> B. . . . .
>
> (2) If an offender was indicted prior to August 1, 2017, for the crime of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was held pursuant to this Article prior to August 1, 2017, the following shall apply:

(a) If the court determined at the hearing that was held prior to August 1, 2017, that the offender's sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G).

(b) If the court determined at the hearing that was held prior to August 1, 2017, that the offender's sentence shall be imposed without parole eligibility, the offender shall not be eligible for parole.

Louisiana Revised Statutes 15:574.4 was also amended in 2017 and now provides:

G. (1) Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) who was under the age of eighteen years at the time of the commission of the offense and whose indictment for the offense was prior to August 1, 2017, shall be eligible for parole consideration pursuant to the provisions of this Subsection if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1(B) and all of the following conditions have been met:

(a) The offender has served twenty-five years of the sentence imposed.

(b) The offender has not committed any major disciplinary offenses in the twelve consecutive months prior to the parole hearing date. A major disciplinary offense is an offense identified as a Schedule B offense by the Department of Public Safety and Corrections in the Disciplinary Rules and Procedures for Adult Offenders.

(c) The offender has completed the mandatory minimum of one hundred hours of pre-release programming in accordance with R.S. 15:827.1.

(d) The offender has completed substance abuse treatment as applicable.

(e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the offender shall complete at least one of the following:

(i) A literacy program.

(ii) An adult basic education program.

(iii) A job skills training program.

(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.

8

(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.

(2) For each offender eligible for parole consideration pursuant to the provisions of this Subsection, the board shall meet in a three-member panel, and each member of the panel shall be provided with and shall consider a written evaluation of the offender by a person who has expertise in adolescent brain development and behavior and any other relevant evidence pertaining to the offender.

(3) The panel shall render specific findings of fact in support of its decision.

Appellate counsel goes on to discuss the procedural history of the case. She notes the Defendant, in his notice of intent, stated his sentence of life with parole was illegal. Appellate counsel asserts that, after reviewing the matter, she has determined that a sentence of life with parole is not an illegal sentence. Counsel then addresses the claims asserted in the Defendant's pro se motion to reconsider sentence. Therein, he asserted a sentence of life with parole eligibility was not authorized by statute and requested that he be sentenced to the next lesser included penalty, that for manslaughter. Alternatively, the Defendant requested immediate release on parole; however, his sentence had not been commuted to a fixed term of years as required by La.R.S. 15:574.4(B).[2] The Defendant cited *Funchess v. Prince*, 14-2105 (E.D. Feb. 25, 2016) (unpublished order),[3] in support of his claims. In *Funchess*, the petitioner's "guilty plea to second degree murder required that he receive a sentence of life in prison without eligibility for parole for a period of forty years and that, if he ever actually hoped to receive parole after 40 years, the governor commute his sentence." *Id.* at p. 5. The court concluded Louisiana's "two-step parole procedure" violated *Miller* in its application to juvenile offenders. *Id.*

---

[2] At the time the Defendant filed his motion to reconsider, La.R.S. 15:574.4 (B)(1) provided: "Except as provided in Paragraph (2) of this Subsection, and except as provided in Subsections D and E of this Section, no prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years." Subsection E provided for juveniles convicted of first or second degree murder.

[3] 2016 WL 756530.

Appellate counsel asserts *Funchess* is inapplicable to the Defendant, as he did not receive a life sentence with eligibility for parole after forty years. Appellate counsel further notes that the second circuit, in *State v. Jackson*, 51,527 (La.App. 2 Cir. 8/9/17), __ So.3d __,[4] found the defendant's claim that, pursuant to La.R.S. 15:574(B)(1), he was not eligible for parole unless his sentence was converted to a term of years was without merit. The court noted the defendant's argument failed to recognize that La.R.S. 15:574.4(B)(1) had provided exceptions for juvenile homicide offenders since 2013. Appellate counsel points out that the trial court reached the same conclusion in denying the Defendant's motion to reconsider sentence.

Appellate counsel asserts the Defendant's argument that the only legal sentence he could receive was that for manslaughter has been repeatedly rejected by courts. She notes the Defendant's claim is based on *State v. Craig*, 340 So.2d 191 (La.1976). In *Craig*, the defendant had been convicted of aggravated rape, which carried a mandatory sentence of death. The Louisiana Supreme Court held that, since the mandatory death penalty for first degree murder had been found unconstitutional in *Roberts v. Louisiana*, 428 U.S. 325, 96 S.Ct. 3001 (1976), the mandatory death penalty for aggravated rape was likewise unconstitutional. At the time the rape was committed, the legislature had abrogated the responsive verdict of guilty without capital punishment. Therefore, the appropriate remedy to correct the defendant's illegal sentence was to remand for resentencing to the most serious penalty for the next lesser responsive verdict, simple rape.

Appellate counsel notes the second circuit, in *State v. Keith*, 51,389, pp. 5-6 (La.App. 2 Cir. 6/21/17), 223 So.3d 767, 770-71 (footnotes omitted), explained why *Craig*, 340 So.2d 191, did not apply in cases like that of the Defendant herein:

> Keith maintains he should be resentenced under *Craig*, [340 So.2d 191], to the next lesser included offense of manslaughter—a maximum

---

[4] 2017 WL 3400648.

10

sentence of 40 years at hard labor. In 1976, the Louisiana Supreme Court held in *Craig* that Louisiana's mandatory death penalty for aggravated rape is unconstitutional. The *Craig* court concluded the appropriate remedy to correct this now illegal sentence was to remand the case for resentencing of the defendant to the most serious penalty for the next lesser included offense. *Id.*, at 193–94. *Craig* followed a prohibition of mandatory death sentences by the United States Supreme Court, which applied to all offenders currently sentenced to death without a hearing in which to present mitigating factors, and not exclusively to juveniles like *Miller*, [567 U.S. 460]. Thus, *Craig* eliminated the possibility of a mandatory death sentence entirely, necessitating vacating those now illegal sentences and resentencing to the most severe sentence for the next lesser included offense. Conversely, *Miller* did not eliminate the possibility of a life sentence for juvenile homicide offenders; it simply held sentencing to life imprisonment at hard labor, without parole eligibility, is unconstitutional if the defendant is denied a meaningful opportunity to present mitigating factors—such as, the attendant qualities of youth.

The application of the *Miller* and *Montgomery*[, 136 S.Ct. 718,] decisions is far more analogous to the Louisiana Supreme Court's response to *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed. 2d 825 (2010), in which the United States Supreme Court held that the United States Constitution's Eighth Amendment precludes sentencing a juvenile to life imprisonment without the possibility of parole for a non-homicide offense. In *State v. Shaffer*, 2011-1756 (La. 11/23/11), 77 So.3d 939, three defendants sought relief from their life sentences following *Graham*, and claimed their convictions for aggravated rape committed while juveniles were now illegal. The Louisiana Supreme Court rejected the defendants' argument that they should be sentenced under the lesser included offense of attempted aggravated rape as was done in *Craig, supra*. Further, instead of remanding the cases for resentencing, the Louisiana Supreme Court amended the defendants' life sentences to delete the restriction on parole eligibility. Accordingly, *Craig* relief is inapplicable to Keith's circumstances, and the trial court did not err in following *Montgomery*.

For the reasons asserted in *Keith*, appellate counsel states the Defendant is not entitled to be sentenced under the penalty provision for manslaughter.

The Defendant also cited *State v. Roberts*, 568 So.2d 1017 (La.1990), in his motion to reconsider sentence. In *Roberts*, relators filed petitions for writs of habeas corpus after the state executed their nine-year sentences over six years after the sentences had been affirmed on appeal. The district court denied relief. However, the supreme court ordered relators released on parole. Counsel maintains the Defendant's circumstances are distinguishable, and we agree.

11

Appellate counsel additionally notes the Defendant argued the trial court failed to consider mitigating evidence during the *Miller* hearing. Counsel acknowledges the truthfulness of the Defendant's claim, but points out the trial court granted the only relief possible in this case, parole eligibility. We agree with Appellate counsel. The sole purpose of the hearing is to consider both aggravating and mitigating evidence such as to allow the trial court to sentence the offender to life imprisonment with parole or to life imprisonment without parole eligibility. In resentencing the Defendant to a life sentence with parole eligibility, there was no necessity for any hearing.

In support of her assertion, appellate counsel cites the current version of La.Code Crim.P. art. 878.1(D) which provides, "The sole purpose of the hearing is to determine whether the sentence shall be imposed with or without parole eligibility." She also notes that La.Code Crim.P. art. 878.1(C) mandates the allowance of aggravating and mitigating evidence by the prosecution and the defense that is relevant to the charged offense or the character of the defendant, but such is not necessary where the trial court grants the only relief possible. In support of her contentions, appellate counsel cites *State v. Sumler*, 51,324 (La.App. 2 Cir. 5/2/17), 219 So.3d 503. Therein, the second circuit stated (emphasis in original):

> Eligibility for parole is the sole question to be answered in a *Miller* hearing. *State v. Montgomery*, [194 So.3d] at 610. As noted by Justice Crichton in his concurrence to the opinion, "[U]ntil there is further action taken by the Legislature or further developments in the United States Supreme Court, the district courts are faced with one and only one task here: to distinguish between 'the rare juvenile offender whose crime reflects irreparable corruption' and 'the juvenile offender whose crime reflects unfortunate yet transient immaturity.'" *State v. Montgomery*, [*Id.*] at 609, quoting, *Miller*, 567 U.S. 460, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407. Accordingly, in a *Miller* hearing there is no consideration of whether there should be a downward departure from the mandatory sentence of life imprisonment at hard labor. Rather, the court *only* considers whether that mandatory sentence should include parole eligibility.

*Id.* at 509. Furthermore, in *Jackson*, __ So.3d __, the second circuit rejected the defendant's claim that he did not receive an individualized sentence. The court stated:

To the extent that the defendant argues that he was entitled to a hearing and the imposition of an individualized sentence, *Miller* did not impose such a requirement in cases where parole eligibility was permitted. In *Miller*, the Supreme Court explained that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender, nor does it require the court to consider the mitigating factors of youth before imposing such a sentence. Instead, a sentencing court's obligation to consider youth-related mitigating factors is limited to cases in which the court imposes a sentence of life, or its equivalent, without parole. *State v. Plater*, [51,338 (La.App. 2 Cir. 5/17/17), 222 So.3d 897]; *State v. Calhoun*, [51,337 (La.App. 2 Cir. 5/17/17), 222 So.3d 903].

*Id.* at p. 11.

Appellate counsel's brief more than adequately demonstrates by full discussion and analysis that she reviewed the sentencing proceeding and the Defendant's motion to reconsider sentence and cannot identify any basis for a non-frivolous appeal.

We have performed an independent and thorough review of the pleadings triggering resentencing, the minutes and the transcript of resentencing, and the motion to reconsider sentence and ruling thereon. The Defendant was present and represented by counsel at resentencing, and the sentence imposed is legal.

A *Miller* violation may be remedied by permitting juvenile homicide offenders to be considered for parole. *Montgomery*, 136 S.Ct. at 736. Additionally, the Defendant was not entitled to be sentenced to the penalty in effect for manslaughter at the time of the offense, and the trial court need not consider mitigating factors because it did not impose a life sentence without parole. *See State v. Straub*, 12-270 (La.App. 1 Cir. 9/21/12), 111 So.3d 38; *State v. Walder*, 12-51 (La.App. 1 Cir. 9/24/12), 104 So.3d 137, *writ denied*, 12-2534 (La. 4/19/13), 111 So.3d 1032; *State v. Graham*, 14-1769 (La.App. 1 Cir. 4/24/15), 171 So.3d 272, *writ denied*, 15-1028 (La. 4/8/16), 191 So.3d 583; *State v. Dupre*, 16-1352 (La.App. 1 Cir. 4/12/17) (unpublished opinion)[5]; *State v. Shaw*, 51,325 (La.App. 2 Cir. 5/17/17), 223 So.3d 607; *State v. Plater*, 51,338 (La.App.

---

[5] 2017 WL 1376526.

2 Cir. 5/17/17), 222 So.3d 897; *State v. Calhoun*, 51,337 (La.App. 2 Cir. 5/17/17), 222 So.3d 903; *State v. Brown*, 51,418 (La.App. 2 Cir. 6/21/17), __ So.3d __[6]; *State v. Harper*, 51,539 (La.App. 2 Cir. 8/9/17), __ So.3d __.[7] Furthermore, by way of the 2017 amendments to La.Code Crim.P. art. 878.1 and La.R.S. 15:574.4, the Louisiana Legislature explicitly applied those provisions to the Defendant and ratified the decision of the trial court granting the Defendant parole eligibility.

## Decree

For these reasons, the Defendant's sentence is affirmed and appellate counsel's motion to withdraw is granted.

**SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

---

[6] 2017 WL 2665128.

[7] 2017 WL 3400624.

14