PER CURIAM:
Writ granted. In light of the Supreme Court's holding in Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) that Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) announced a substantive rule of constitutional law that applies retroactively, we hereby vacate relator's sentence and remand to the 16th Judicial District Court for further proceedings consistent with the views expressed in State v. Montgomery , 13-1163 (La. 6/28/16), 194 So.3d 606, and for resentencing pursuant to La.C.Cr.P. art. 878.1.
After he is resentenced, that judgment of sentence is included by statute among those which a defendant may appeal. See La.C.Cr.P. art. 912(C)(1). Furthermore, although this court originally had exclusive appellate jurisdiction over this pre-1982 felony conviction, see La.Const. art. V, § 5 (E), after the resentencing to which relator is now entitled, appellate jurisdiction for purposes of any review of his new sentence will vest in the intermediate court of appeal. See La.Const. art. V, § 10 (eff. July 1, 1982, "[A] court of appeal has appellate jurisdiction of ... all criminal cases triable by a jury," except when a law has been declared unconstitutional or when the death penalty has been imposed); see, e.g., State ex rel. Hudson v. State , 16-1731 (La. 1/9/17), 208 So.3d 882.