# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2020 KA 0951

## STATE OF LOUISIANA

## VERSUS

## MELVIN MINGO

Judgment Rendered: ___JUN 1 4 2021___

\* \* \* \* \* \* \*

On Appeal from the 23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Trial Court No. 8256

Honorable Alvin Turner, Jr., Judge Presiding

\* \* \* \* \* \* \*

Ricky L. Babin
District Attorney
Donald D. Candell
Appellate Counsel
Lindsey Manda
Assistant District Attorney
Gonzales, Louisiana

Attorneys for Appellee,
State of Louisiana

Bertha M. Hillman
Covington, Louisiana

Attorney for Defendant/Appellant,
Melvin Mingo

\* \* \* \* \* \* \*

**BEFORE: WHIPPLE, C.J., McDONALD, AND PENZATO, JJ.**

**PENZATO, J.**

The defendant, Melvin Mingo, was charged by grand jury indictment with first degree murder, a violation of La. R.S. 14:30. The charge was amended to second degree murder, a violation of La. R.S. 14:30.1. The defendant, who was sixteen years old at the time of the killing, was found guilty as charged and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant appealed, and we affirmed the conviction and sentence. The Louisiana Supreme Court denied writ of certiorari. See State v. Mingo, 98-0219 (La. App. 1st Cir. 12/28/98) (unpublished), writ denied, 2000-2020 (La. 3/30/01), 788 So.2d 444.

The defendant subsequently filed a motion to correct an illegal sentence pursuant to Miller v. Alabama, 567 U.S. 460, 465, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012), which determined that mandatory life imprisonment without parole for those offenders under the age of 18 years at the time they committed a homicide offense violates the Eighth Amendment prohibition of "cruel and unusual punishments." A Miller hearing was held on March 19, 2019, wherein the trial court granted the motion and removed the parole restriction from the defendant's life sentence. The defendant now appeals, designating two assignments of error. We affirm the sentence.

## ASSIGNMENTS OF ERROR NOS. 1 and 2

In these related assignments of error, the defendant argues, respectively, his conviction and sentence are not final pursuant to Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)[1] and Miller; and a sentence based on a non-unanimous jury verdict is invalid.

---

[1] In Griffith, the United States Supreme Court held that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break with the past.

2

The defendant was convicted of second degree murder by a ten-to-two verdict on April 18, 1996. As noted, he was resentenced to a life sentence with the possibility of parole on March 19, 2019. The trial court granted the defendant an out-of-time appeal on June 9, 2020.[2]

The defendant contends that since his jury verdict was invalid, and since his conviction and resentencing were not final at the time *Ramos v. Louisiana*, 590 U.S. __, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020) was decided, his conviction and sentence must be set aside. According to the defendant, the invalid verdict makes the sentence itself invalid.

In *Ramos*, 590 U.S. at __, 140 S.Ct. at 1397, the United States Supreme Court overruled *Apodaca v. Oregon*,[3] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The *Ramos* Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. *Ramos*, 590 U.S. at __, 140 S.Ct. at 1406-08.

In *State v. Brown*, 19-370 (La. App. 5th Cir. 1/15/20), 289 So.3d 1179, 1181-82, writ denied, 2020-00276 (La. 6/22/20), 297 So.3d 721, cert. denied, __ U.S. __, 141 S.Ct. 1396, 209 L.Ed.2d 133 (2021), the defendant had his conviction and

---

[2] We note the trial court erred in failing to comply with La. C.Cr.P. art. 927 prior to ruling on the defendant's application for post conviction relief. However, as the defendant filed his application for post conviction relief within the time delay provided by La. C.Cr.P. art. 930.8(A) and the defendant is otherwise entitled to appeal his sentence after resentencing, see *State v. Schane*, 2017-0582 (La. 4/6/18), 239 So.3d 286, order clarified on reh'g, 2017-0582 (La. 6/1/18), 244 So.3d 433, for purposes of judicial efficiency, we elect to address the merits of the defendant's appeal.

[3] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in *Apodaca*. *Johnson v. Louisiana*, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with *Apodaca*, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.

3

sentence affirmed on appeal in 1997. The defendant was a juvenile when he committed the murder for which he was convicted and, thus, under *Miller* and *Montgomery*,[4] he was granted a new sentencing hearing and resentenced to life with parole. Following his resentencing, the defendant appealed his conviction by a non-unanimous jury verdict. The defendant's appeal was decided by the fifth circuit three months before *Ramos* was handed down. The fifth circuit found that although Brown was resentenced pursuant to *Miller*, and legitimately exercised his right to appeal that resentencing, his resentencing did not allow him the opportunity to challenge his previously affirmed convictions. *Brown*, 289 So.3d at 1187.

Brown then filed a writ of certiorari seeking review of the fifth circuit's decision by the Louisiana Supreme Court, which denied the writ application. Chief Justice Johnson concurred in the denial, finding that the defendant was entitled to an appeal of his new sentence, but not the underlying conviction. *Brown*, 297 So.3d at 721-22. Chief Justice Johnson concurred in the denial of the defendant's writ application despite his conviction by a non-unanimous jury verdict in that case, finding that after Brown was resentenced pursuant to *Miller* and *Montgomery*, "he was entitled to an appeal of his new sentence, *not the underlying conviction.*" *Id.* at 721 (emphasis added).

Similarly, in the instant matter, the defendant's conviction, affirmed in 1998, became final long before the *Ramos* decision. Accordingly, we find that while the defendant was entitled to appeal his new sentence under *Miller*, he is not entitled to appeal his conviction pursuant to *Ramos*, wherein the *Ramos* Court specifically found that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. See *State v.*

---

[4] In *Montgomery v. Louisiana*, 577 U.S. 190, 212, 136 S.Ct. 718, 736, 193 L.Ed.2d 599 (2016), the United States Supreme Court held that the *Miller* decision announced a new substantive constitutional rule that was retroactive on state collateral review.

4

*Johnson*, 2019-0969 (La. App. 1st Cir. 8/6/20), 311 So.3d 370, 378.

These assignments of error are without merit.

**SENTENCE AFFIRMED.**