# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 16-805


MONTY RIVERS

VERSUS

MICHAEL J. DAIGLE, ET AL.


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 80997
HONORABLE VINCENT J. BORNE, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.


**REVERSED, RENDERED, AND REMANDED FOR
FURTHER PROCEEDINGS.**

Michael P. Corry, Sr.
J. Daniel Siefker, Jr.
Briney Foret Corry
Post Office Box 51367
Lafayette, LA 70505-1367
(337) 237-4070
COUNSEL FOR DEFENDANT-APPELLEE:
    Allstate Insurance Company

**Todd A. Townsley**
**The Townsley Law Firm**
**3102 Enterprise Boulevard**
**Lake Charles, LA 70601-8722**
**(337) 478-1400**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
    **Monty Rivers**
    **Brenda Rivers**

**John W. Perry, Jr.**
**Daniel J. Balhoff**
**John W. Perry, III**
**Perry, Balhoff, Mengis & Burns, LLC**
**2141 Quail Run Drive**
**Baton Rouge, LA 70808**
**(225) 767-7730**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
    **Monty Rivers**
    **Brenda Rivers**

**Charles C. Garrison**
**Caffery, Oubre, Campbell & Garrison, L.L.P.**
**800 South Lewis Street, Suite 205**
**New Iberia, LA 70562-2410**
**(337) 364-1816**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
    **Louisiana Farm Bureau Casualty Insurance Company**
    **Michael J. Daigle**

**Ian A. Macdonald**
**Jones Walker**
**Post Office Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 593-7600**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Progressive Security Insurance Company**

**C. Shannon Hardy**
**John W. Penny, Jr.**
**Penny & Hardy**
**Post Office Box 2187**
**Lafayette, LA 70502**
**(337) 231-1955**
**COUNSEL FOR INTERVENOR-APPELLANT:**
    **Angel Landry Allemand on behalf of her minor child, Megan Daigle**

**PICKETT, Judge.**

At issue in this appeal is the trial court's grant of summary judgment dismissing the insurer of two defendants on the basis that the insurer's policy did not provide coverage for the minor tortfeasor and its denial of the plaintiffs' cross motion on the same issue. The plaintiffs appeal, arguing the insurer waived its coverage defense; therefore, its policy provides coverage for their claims. For the following reasons, we reverse the judgment of the trial court.

## FACTS

On September 22, 2013, Megan Daigle failed to obey a stop sign and collided with a vehicle driven by Monty Rivers. When the accident occurred, Megan was a minor. She was driving a vehicle owned by and provided for her sole use by her father, Michael Daigle. Mr. Daigle and Angel Allemand, Megan's mother, were divorced, and Mrs. Allemand had legal custody of Megan. Megan lived with Mrs. Allemand and her husband, Harris Allemand.

Mr. Rivers was injured in the accident, and he and his wife filed suit against Mr. Daigle;[1] his insurer, Louisiana Farm Bureau Insurance Company; and Progressive Insurance Company, their uninsured/underinsured insurer. On March 25, 2014, the Rivers added Mrs. Allemand as a defendant. Thereafter, on May 9, 2014, they added Megan and Allstate Insurance Company, Mr. and Mrs. Allemand's insurer, as defendants.

Counsel hired by Allstate filed an answer on behalf of Allstate, Mrs. Allemand, and Megan on May 22, 2014. Thereafter, in June 2014, Allstate notified the Allemands and Megan that its policy excluded coverage because

---

[1] Mrs. Rivers was not initially a plaintiff, but she intervened seeking recovery as a plaintiff against the defendants named by Mr. Rivers. Accordingly, we address her as a plaintiff.

Megan was driving a vehicle provided to her by her father. Allstate issued a reservation of rights and hired an attorney to provide a defense to Mrs. Allemand and Megan.

In 2015, Allstate filed a motion for summary judgment asserting its policy does not provide coverage for the accident because when the accident occurred, Megan was driving a vehicle owned by her father that he provided for her regular use. The motion asserts that although Megan satisfies its policy's definition of an insured, she was not operating an insured vehicle when the accident occurred; therefore, the policy does not provide coverage for the accident. Allstate also filed a motion for partial summary judgment, arguing that it did not waive the coverage defense because it urged the defense timely and its actions did not prejudice the Allemands. The Rivers then filed a motion for partial summary judgment in which they argue that Allstate waived its coverage defense because Allstate filed an answer without notifying Mrs. Allemand and Megan of its coverage defense and without hiring separate counsel to represent them in this litigation.

After a hearing, the trial court awarded summary judgment and partial summary judgment in favor of Allstate and denied partial summary judgment as requested by the Rivers. The Rivers appealed.

**DISCUSSION**

Appellate courts review summary judgments de novo, using the same criteria as the trial court. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839. In order to prevail on a motion for summary judgment, the moving party must "show that there is no genuine issue as to material fact and that [he] is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2).

2

Generally, interpretation of an insurance contract concerns a legal question that can be resolved in the framework of a motion for summary judgment. *Cutsinger v. Redfern*, 08-2607 (La. 5/22/09), 12 So.3d 945. Insurance policies are interpreted according to the general rules of contract interpretation, and liability insurance policies are interpreted to provide coverage not deny coverage. *Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827 (La. 5/22/07), 958 So.2d 634.

Before addressing the Rivers' claims, we observe that while the Allemands are "the most appropriate parties" to complain of the trial court's grant of Allstate's motion for summary judgment, they did not oppose Allstate's motion and have not appealed the judgment, and Louisiana's direct action statute, La.R.S. 22:1269(B), provides the Rivers the right to be provided information of any affirmative defenses, including coverage defenses. *Breazeale v. T.T.*, 12-1703 (La.App. 1 Cir. 4/26/13), 117 So.3d 192, *writ denied*, 13-1852 (La. 11/1/13), 125 So.3d 437.

The Rivers argue Allstate waived its right to assert its coverage defense. Jurisprudence has held that an insurer's failure to obtain a reservation of rights to contest coverage before assuming the defense of a claim can result in the waiver of the right to contest coverage if the insurer assumes the defense having knowledge of facts indicating a coverage defense may exist. *Steptore v. Masco Const. Co., Inc.* 93-2064 (La. 8/18/94), 643 So.2d 1213. In *Steptore*, the supreme court held that a "[w]aiver occurs when there is an existing right, a knowledge of its existence and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that the right has been relinquished." *Id.* at 1216. The court explained that this principle is required to

protect insureds from conflicts of interest that can arise between insurers and their insureds on coverage issues. Specifically, the supreme court explained:

> It is well established that an insurer is charged with knowledge of the contents of its own policy. In addition, notice of facts which would cause a reasonable person to inquire further imposes a duty of investigation upon the insurer, and failure to investigate constitutes a waiver of all powers or privileges which a reasonable search would have uncovered.

> Waiver principles are applied stringently to uphold the prohibition against conflicts of interest between the insurer and the insured which could potentially affect legal representation in order to reinforce the role of the lawyer as the loyal advocate of the client's interest. Accordingly, when an insurer, with knowledge of facts indicating noncoverage under the insurance policy, assumes or continues the insured's defense without obtaining a nonwaiver agreement to reserve its coverage defense, the insurer waives such policy defense.

*Id*. (citations omitted).

An insurer's obligation to its insured includes the duty to defend which is broader in scope than the duty to provide coverage for claims. *Steptore*, 643 So.2d 1213. The insurer is obligated to defend its insured "unless the petition unambiguously excludes coverage." *Id*. at 1218.

Allstate argues that it is entitled to summary judgment because when the accident occurred, Megan was driving a vehicle provided to her by her father for her regular use; therefore, she was not an insured under the terms of its policy. The motion outlined the coverage provided by its policy:

> We will pay those damages which an insured person is legally obligated to pay because of:

> 1. Bodily injury, sustained by any person, and

> 2. Damage to, or destruction of, property.

> Under these coverages, your policy protects an insured person from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of an insured auto.

4

The policy defines an "insured person" as any of the following:

1. While using your insured auto:
   a. You,
   b. Any resident . . . .

2. While using a non-owned auto:
   a. You,
   b. Any resident relative using a four wheel private passenger or utility auto.

3. Any person or organization liable for the use of an insured auto if the auto is not owned or hired by this person or organization provided the use is by an insured person under 1 or 2 above.

The policy's definition of "insured autos" includes the following pertinent definitions:

1. Any auto described on the policy declarations page. This includes the four wheel private passenger auto or utility auto you replace it with.

. . . .

4. A non-owned auto used by you or a resident relative with the owner's express or implied permission. This auto must not be available or furnished for the regular use of an insured person.

The original petition named Mr. Daigle, a resident of Lafourche Parish, as a defendant and alleged that Megan was his daughter and in his custody at the time of the accident and that she was driving a vehicle owned by him. The first supplemental and amending petition named Mrs. Allemand, a resident of St. Martin Parish, as a defendant on the basis that she is Megan's mother and alleged that Megan was residing with and was in her custody.

On April 30, 2014, Allstate employee Michelle Bailey began adjusting the claim. On May 5, 2014, Mrs. Bailey sent a letter to Megan at her home address in Morgan City, informing her that the suit filed against her would be defended by an

5

attorney hired by Allstate. The letter stated general information about its policy, the coverage it provided, and that she would be liable for any judgment exceeding the policy's limits. The letter did not seek a non-waiver agreement or assert any coverage defenses.

The record shows that Allstate hired an attorney to represent the Allemands on or about May 9, 2014, and that on May 15, 2014, the attorney notified Mrs. Allemand that he had been hired to represent her. The attorney filed an answer on behalf of Allstate, Megan, and Mrs. Allemand on May 22, 2014. The letter did not seek a non-waiver agreement or assert any coverage defenses.

Allstate's adjuster determined on June 23, 2014, that a coverage defense should be asserted because Megan may have been driving a car provided for her regular use by her father when the accident occurred. The following day, the adjuster sent reservation of rights letters to Mrs. Allemand and Megan. A **week/month** later, on **July 31, 2014**, Allstate split the defense between it and the Allemands.

The Rivers assert that the allegations in their pleadings put Allstate on notice that a coverage defense existed. They argue that upon receipt and review of their pleadings Allstate had notice of facts indicating that its policy did not provide coverage for Megan; therefore, Allstate should have notified the Allemands and Megan of the coverage defense, provided them with a reservation of rights to deny coverage, and split the parties' defense before filing an answer. Further, the Rivers contend that by undertaking Mrs. Allemand's and Megan's defense before notifying them of the coverage defense and hiring them their own attorney, Allstate waived the coverage defense.

6

In *Steptore*, the insurer's policy provided a navigation warranty that required the barge on which the accident occurred be maintained at a designated location. The evidence established that the barge had been moved to a new location before the accident, the insurer's vice-president knew the day the accident occurred that the barge had been moved, suit was filed in a parish other than the parish identified in the navigation warranty, and the allegations of the plaintiff's petition asserted the accident occurred at a location other than the location provided in the navigation warranty. The supreme court concluded that these facts were "unequivocal indications of an apparent violation of the navigation warranty"; therefore, the insurer's representation of the insured for sixteen months without obtaining a waiver of rights and notifying the insured of its coverage defense constituted waiver of the navigation warranty. *Id.* at 1217.

Upon receipt and review of the Rivers' petitions, Allstate had knowledge of the following dispositive information.

a)  The provisions of its policy, including the exclusion at issue;

b)  Megan, the alleged tortfeasor, was a minor at the time of the accident;

c)  Megan's parents were Michael Daigle and Angel Allemand;

d)  The vehicle Megan was driving at the time of the accident was owned by her father;

e)  Mr. Daigle resided in Thibodaux;

f)  Mrs. Allemand, a listed driver on Mr. Allemand's Allstate policy, was residing with Mr. Allemand in Morgan City;

g)  Megan was in the custody of and residing with Mrs. Allemand in Morgan City; and

h)  The accident occurred just a few blocks from the Allemands' residence.

The Rivers argue strenuously that this information provided Allstate all the notice it needed to conclude that its policy did not provide coverage for the accident. We agree. Allstate had all the information it needed to determine a coverage defense existed upon being served with and reviewing the Rivers' petitions. At the least, Allstate had "knowledge of facts indicating noncoverage under its policy." *Steptore*, 643 So.2d 1216. If its attorney or adjuster had any questions about Megan's living arrangements and the car she was driving when the accident occurred, they could have spoken with Mrs. Allemand or Megan before filing an answer to clarify that information. Accordingly, when Allstate proceeded to file an answer and defend Mrs. Allemand and Megan, it waived its coverage defense.

Allstate points out that it provided notice to the Allemands and issued a reservation of rights in a relatively short time of being served with the Rivers' petitions and that the Allemands testified they never believed Megan was covered under their Allstate policy. It urges that its actions did not induce the Allemands into believing that its policy provided coverage for the accident and did not prejudice them. Allstate further argues that because the Allemands were not prejudiced, it did not waive this coverage defense.

Allstate cites *Breazeale*, 117 So.3d 192, in support of this argument, but *Breazeale* does not apply here. In *Breazeale*, the court found that the insureds were not prejudiced by the insurer's action; however, that was not the basis of the court's conclusion that the insurer had reserved is coverage defense. The court ultimately held that because the insureds filed their own answer after being notified of its insurer's coverage defense and being provided a reservation of rights, they implicitly agreed that the insurer had reserved its coverage defense.

8

The Rivers' petitions provided Allstate all the information it needed to assert its coverage defense and issue a reservation of rights. Allstate failed to do so before filing an answer. If Allstate's adjuster or attorney had questions regarding Megan's vehicle and whether she maintained possession and use of it, they could have contacted their insureds and asked any clarifying questions they had before filing an answer. They did not, and Allstate's unconditional undertaking of the Allemands' defense waived its right to assert the coverage defense. Accordingly, the grant of summary judgment and partial summary judgment in favor of Allstate is reversed, and partial summary judgment is granted in favor of the plaintiffs.

## DISPOSITION

The trial court's judgment granting summary judgment and partial summary judgment in favor of Allstate Insurance Company is reversed. Judgment is granted in favor of Monty and Brenda Rivers that Allstate waived its coverage defense, and the matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed to Allstate Insurance Company.

**REVERSED, RENDERED, AND REMANDED FOR FURTHER PROCEEDINGS.**