# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**22-091 consolidated with 22-092**


**FALLON BAILEY, INDIVIDUALLY, AND
ON BEHALF OF HER MINOR CHILD, I.B.**

**VERSUS**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, KENT MORGAN,
AND ALLEN CARRIERE**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2017-3390 C/W 2017-3391
HONORABLE THOMAS FREDERICK, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**JONATHAN W. PERRY
JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Billy Howard Ezell, Jonathan W. Perry, and Gary J. Ortego, Judges.


**REVERSED AND REMANDED.**

**Andrew J. Quackenbos**
**Kaliste Joseph Saloom IV**
**Domengeaux Wright Roy & Edwards, LLC**
**556 Jefferson Street, Suite 500**
**Post Office Box 3668**
**Lafayette, Louisiana  70502-3668**
**(337) 233-3033**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Fallon Bailey**


**F. Douglas Wimberly**
**Cloyd & Wimberly, LLC**
**302 La Rue France, Suite 204**
**Post Office Box 53951**
**Lafayette, Louisiana  70505-3951**
**(337) 289-6906**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **State Farm Fire & Casualty Insurance Company**


**Michelle D. Brooks**
**Porteous, Hainkel and Johnson, LLP**
**211 West Fifth Street**
**Thibodeaux, Louisiana  70301-3199**
**(985) 446-8451**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **State Farm Mutual Automobile Insurance Company,**
  **Kent Morgan, and Allen Carriere**

**PERRY, Judge.**

At issue in this appeal is the trial court's grant of partial summary judgment finding the excess insurer's policy does not provide coverage for plaintiff's claims against the tortfeasor defendant. The plaintiff appeals, arguing the excess insurer's policy provides coverage because the waiver doctrine applies and, alternatively, because the terms of the excess insurer's policy are ambiguous. For the following reasons, we reverse the judgment of the trial court.

### FACTS AND PROCEDURAL HISTORY

This lawsuit resulted from a rear-end collision on Johnston Street in Lafayette, Louisiana, on June 13, 2016, wherein Allen Carriere ("Carriere"), who was driving a 2010 Chevrolet Malibu owned by Kent Morgan[1] ("Morgan"), collided into the rear of a stopped vehicle being operated by Anne Marie Valentine ("Valentine"). The collision caused Valentine's vehicle to travel across the intersection of Johnston Street and Jefferson Street and crash head-on into a Ford F-350 truck which was stopped at a red traffic light in the opposite direction of travel. Valentine's daughter, Plaintiff/Appellant, Fallon Bailey ("Bailey"), and her minor child, I.B.,[2] were passengers in Valentine's vehicle and allegedly suffered personal injuries in the crash.

On June 9, 2017, Valentine and Bailey filed separate personal injury lawsuits against Carriere; Morgan; and State Farm Mutual Automobile Insurance Company ("State Farm Mutual"), Morgan's automobile liability insurer. On July 10, 2019, first supplemental and amended petitions were filed naming State Farm Fire &

---

[1] Kent Morgan is Allen Carriere's maternal uncle.

[2] Initials are used to protect the identity of the minor. Uniform Rules—Courts of Appeal, Rule 5–2.

Casualty Insurance Company ("State Farm Fire"), the issuer of a Personal Liability Umbrella Policy ("PLUP") to Morgan, as an additional defendant.

On June 18, 2020, State Farm Fire filed a motion for partial summary judgment[3] asserting that although State Farm Mutual's "policy did provide liability coverage for the loss at issue . . . Carriere was not covered by the umbrella policy issued to [Morgan by State Farm Fire]." The main emphasis of State Farm Fire's summary-judgment motion was that Carriere did not meet the definition of an insured under the PLUP issued to Morgan because at the time of the accident, Carriere was not a relative of Morgan whose primary residence was Morgan's household. Attached to State Farm Fire's motion was the PLUP, which contains the following relevant definition:

6. "**insured**" means:

  a  **you** and **your relatives** whose primary residence is **your** household;

  b  any other human being under the age of 21 whose primary residence is your household and who is in the care of a person described in 6.a.;

  c  any other person or organization to the extent they are liable for the use of an **automobile, recreational vehicle or watercraft** by a person included in 6.a. or 6.b.

     However, any such person or organization is not an **insured** if:

     (1)  the use is in the course of a business that sells or services **automobiles, recreational motor vehicles** or watercrafts, or

---

[3] We note that originally, State Farm Fire's pleading was titled "Motion for Summary Judgment on the Issue of Insurance Coverage." At the hearing of this matter, however, it accepted Bailey's contention that it was not entitled to summary judgment and dismissal from this litigation because whether or not Carriere is an insured under State Farm Fire's PLUP has no effect on Bailey's negligent entrustment claim against Morgan. Thus, State Farm Fire was allowed to orally retitle its pleading as a motion for partial summary judgment.

> (2) such person or organization owns, leases or rents the **automobile, recreational motor vehicle** or watercraft[.]

Attached to State Farm Fire's motion were excerpts from the depositions of Carriere and Morgan, both held on February 18, 2020. Carriere testified that on the date of the accident, June 13, 2016, he was living with his mother in Conroe, Texas. Morgan testified that on the date of the accident, the only person living with him at his address in The Woodlands, Texas, was his wife. Thus, State Farm Fire contended it was entitled to judgment as a matter of law that the PLUP issued to Morgan does not provide coverage for Bailey's claims against Carriere.

Bailey opposed State Farm's motion on the grounds that State Farm waived any coverage defenses by providing an unconditional defense to Carriere with the full knowledge that Carriere was not a resident relative of Morgan's household when the accident occurred. Alternatively, Bailey alleged that the definition of "insured" contained in State Farm Mutual's PLUP is ambiguous, therefore, the court must interpret the ambiguity against the insurer in favor of coverage.

After a hearing, the trial court granted State Farm Fire's motion for summary judgment. Written judgment was signed on November 5, 2021, declaring State Farm Fire's partial motion for summary judgment "regarding lack of coverage for Allen Carriere under the [State Farm Fire] policy, is GRANTED, dismissing all claims against [State Farm Fire], as the purported insurer of Allen Carriere, with prejudice." From this judgment, Bailey appeals.

## APPELLANT'S ASSIGNMENTS OF ERROR

Bailey has urged the following three assignments of error:

1. The trial court erred by failing to follow Supreme Court and Third Circuit precedent holding that coverage defenses are waived when the insurer, with knowledge of facts indicating noncoverage under the insurance policy, continues the representation of the insured without obtaining a nonwaiver agreement or reserving its rights.

3

2. The trial court erred by construing the evidence in the light most favorable to the movant, State Farm, instead of the non-movant, Ms. Bailey, by disregarding the established facts that State Farm continued its conflicted joint representation of Mr. Carriere after it had knowledge of facts indicating noncoverage under the insurance policy. Consequently, Ms. Bailey's claims against State Farm Fire as the insurer of Mr. Carriere were wrongfully dismissed.

3. The trial court erred by incorrectly determining Mr. Carriere did not meet the definition of "insured" under the excess policy and by failing to construe ambiguous policy provisions against the insurer and in favor of coverage.

## APPELLANT'S ARGUMENT

Bailey's chief argument is that State Farm waived its right to contest coverage because it had notice in 2016 that Carriere did not reside with Morgan. Relying on *Steptore v. Masco Construction Co., Inc.*, 93-2064 (La. 8/18/94), 643 So.2d 1213, and *Rivers v. Daigle*, 16-805 (La.App. 3 Cir. 2/1/17), 210 So.3d 815, Bailey contends that Louisiana courts have recognized that such notice with a failure to investigate and take appropriate action, i.e., obtaining a nonwaiver agreement, results in a waiver of the insurer's right to contest coverage.

## APPELLEE'S POSITION

State Farm Fire seeks to distinguish *Steptore*, reasoning that unlike the excess insurer in *Steptore*, who was made a full participant in the case from the beginning of the lawsuit, State Farm Fire was not made a defendant in this matter until Bailey amended her petition on July 8, 2019. In brief, State Farm Fire submits the facts presented in its motion for partial summary judgment established that a claim was made against State Farm Mutual; its insured, Morgan; and its insured driver, Carriere. Thereafter, State Farm Mutual undertook the defense of Morgan and Carriere until extensive discovery and evaluation of Bailey's claims revealed the value of said claims could exceed the underlying liability limits of the automobile policy issued by State Farm Mutual to Morgan. According to State Farm Fire, it did

4

not have a duty to investigate whether Carriere qualified as an insured under the PLUP issued to Morgan until State Farm Fire opened a claim under the PLUP.

## STANDARD OF REVIEW

Appellate courts review summary judgments de novo using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. On a motion for summary judgment, the mover bears the burden of proof; however, if the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense, be negated. La.Code Civ.P. art. 966(D)(1). Instead, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id*. Thereafter, the adverse party must produce factual evidence sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id*.

In order to reverse the trial court's decision, this court would have to find on de novo review that the record reveals a genuine issue of material fact which precludes summary judgment as a matter of law. A fact, for summary judgment purposes, "is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765. An issue, for summary judgment purposes, is genuine if "reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Id*. at 765-66.

5

## LAW AND DISCUSSION

Bailey argues that jurisprudence on the issue of waiver of coverage defenses requires an insurer to promptly reserve its right to plead a coverage defense. She alleges State Farm obtained a copy of the accident report less than one month after the crash, which identified Carriere's address as Lafayette, Louisiana, and Morgan's address as The Woodlands, Texas. Bailey also points to her original petition, filed in June 2017, which alleged Carriere was domiciled in Louisiana and Morgan was domiciled in Texas. Despite this knowledge, counsel hired by State Farm answered on behalf of Carriere on December 22, 2017, and continued to represent Carriere without reservation for nearly three years after the accident at issue herein. Bailey argues the knowledge of the above facts triggered a duty to investigate long before State Farm Fire's unilateral decision to open a claim under the PLUP and then deny Carriere coverage thereunder.

According to State Farm Fire's motion for summary judgment, it is undisputed that when the accident occurred, Carriere was not a resident of Morgan's household; therefore, Carriere did not meet the definition of an insured under the terms of the PLUP issued to Morgan. State Farm Fire further argues its duty to investigate whether the PLUP afforded coverage to Carriere was not triggered until a claim was made against the PLUP, which it alleges did not occur until 2019. It contends these facts are sufficient to warrant granting of summary judgment in its favor and its dismissal from this lawsuit. We disagree.

Waiver is "the intentional relinquishment of a known right, power, or privilege[]" which "occurs when there is an existing right, a knowledge of its existence and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished." *Steptore*, 643 So.2d at 1216. The supreme court further explained:

6

Waiver principles are applied stringently to uphold the prohibition against conflicts of interest between the insurer and the insured which could potentially affect legal representation in order to reinforce the role of the lawyer as the loyal advocate of the client's interest. Accordingly, **when an insurer, with knowledge of facts indicating noncoverage under the insurance policy, assumes or continues the insured's defense without obtaining a nonwaiver agreement to reserve its coverage defense, the insurer waives such policy defense**.

*Id.* at 1216 (citations omitted) (emphasis added).

In *Rivers*, 210 So.3d 815, this court reversed the trial court's grant of summary judgment in favor of the insurer of two defendants on the basis that the insurer's policy did not provide coverage for the minor tortfeasor and its denial of the plaintiffs' cross motion on the same issue. A panel of this court found that Allstate, the insurer, had waived its claim of coverage in a case involving its insureds, the Allemands. The panel noted Allstate had hired an attorney to represent its insured, Mrs. Allemand, the mother of the alleged minor tortfeasor in that case. Counsel hired by Allemand, in turn, answered on behalf of itself, Mrs. Allemand, and the minor. Although Allstate notified Mrs. Allemand of its representation of her, it specifically "did not seek a non-waiver agreement or assert any coverage defenses." *Id.* at 819. The following month, however, Allstate discovered a potential coverage defense and notified Mrs. Allemand of such by sending reservation of rights letters to Mrs. Allemand and her minor daughter. It thereafter "split the defense between it and the Allemands" and hired separate counsel for each. *Id.*

The plaintiffs in *Rivers*, 210 So.3d 815, argued that Allstate had waived its coverage defense despite its decision to split its defense prior to trial. This court agreed, finding "Allstate had all the information it needed to determine a coverage defense existed upon being served with and reviewing the Rivers' petitions. At the least, Allstate had 'knowledge of facts indicating noncoverage under its policy.'" *Id.* at 820.

In this case, we find the record reveals a genuine issue of material fact which precludes summary judgment as a matter of law. Whether State Farm's conduct in this case satisfies the elements of waiver requires a credibility determination and weighing of testimony. *See Broussard v. Univ. Hosp. & Clinics*, 21-153 (La.App. 3 Cir. 11/17/21), 330 So.3d 723 (Summary judgment is inappropriate for judicial determinations of subjective facts, such as motive, intent, good faith, or knowledge that call for credibility evaluations and the weighing of the testimony.)

For instance, State Farm Fire submitted the La.Code Civ.P. art. 1442 deposition of Steven G. Fosgate ("Mr. Fosgate") in support of its motion for summary judgment. Since June 2019, Mr. Fosgate has served as "the claim team manager with supervision of the claim file for State Farm Mutual Automobile Insurance Company, and State Farm Fire and Casualty Company."[4] According to Mr. Fosgate, the same person serves as the claims specialist for both State Farm Mutual and State Farm Fire. When asked "at what point in time did State Farm Fire decide it was going to claim no coverage for this incident . . . regarding Allen Carriere[,]" Mr. Fosgate stated:

> [T]here was a claim submitted in March or April 2019. When I say a claim, a claim was opened up within -- I looked at this, within 30 days there was a letter. I want to say the letter was dated April 17th, and it was a reservation of rights letter.

Despite State Farm Fire's representations, whether and when a reservation of rights letter was sent to Carriere are questions for which answers are not provided in the record before us. Our review of the summary-judgment evidence reveals that State Farm Fire did not introduce into evidence any such letter.

Furthermore, in an excerpt from the deposition of Carriere, submitted into evidence with Bailey's opposition to State Farm Fire's motion for summary

---

[4] According to Mr. Fosgate, State Farm Mutual is the parent company of State Farm Fire.

judgment, Carriere does not verify if or when he received any such letter. When asked if he "ever receive[d] a letter telling [him] that State Farm reserve[d] its rights to deny coverage[,]" Carriere responded, "I don't recall[]" and "I don't know."[5]

Thus, we find the trial court erred in granting State Farm Fire's motion for summary judgment. Accordingly, the judgment of the trial court granting summary judgment in favor of State Farm Fire & Casualty Insurance Company is reversed, and the matter is remanded to the trial court for further proceedings.

Finally, having found the trial court erred in granting summary judgment, we will not consider Bailey's remaining assignments of error.

### DECREE

For the foregoing reasons, we reverse the judgment of the trial court, and the matter is remanded for further proceedings. Costs of this appeal are assessed to Defendant/Appellee, State Farm Fire & Casualty Insurance Company.

**REVERSED AND REMANDED.**

---

[5] Carriere answered subject to the objections of counsel for State Farm Mutual (attorney-client privilege) and counsel for State Farm Fire (letter prepared in anticipation of litigation).